BARNES v DOUBLE SEAL GLASS COMPANY, INC

Docket No. 63107. Submitted February 3, 1983, at Lansing.—Decided September 26, 1983. Leave to appeal applied for.

Wallace Barnes, individually and as personal representative of the estate of Tim Barnes, deceased, and Norma Barnes brought an action against Double Seal Glass Company, Inc., Edmund C. Mogford, Roger Jackson, Stephen Coe, and Robert Bolonke in the Genesee Circuit Court. Double Seal was decedent's employer and the individual defendants were decedent's coemployees. Decedent died following a work-related accident. Plaintiffs' complaint alleged six counts. Count I alleged that defendants' negligence led to the accident. Count II alleged that defendants acted negligently after the accident by failing to give decedent the prompt medical care which would have saved his life. Count III alleged that defendants intentionally failed to act after decedent's injury, thereby allowing Tim Barnes to die. Count IV alleged that defendants conspired to let decedent die because they knew that workers' compensation death benefits were radically lower than payment of disability benefits if decedent had lived, because decedent had no dependents. Counts V and VI alleged that defendants intentionally inflicted emotional distress upon plaintiffs directly, as individuals. The court, Thomas C. Yeotis, J., granted summary judgment for defendants on Counts I, II, V, and VI and denied summary judgment on Counts III and IV. Plaintiff appealed and defendants cross-appealed. *Held:*

1. Plaintiffs' negligence claims are barred by the exclusive remedy provision of the Worker's Disability Compensation Act.

2. Counts III and IV are not barred by the exclusive remedy provision.

3. The parents of a minor may maintain an action for

REFERENCES FOR POINTS IN HEADNOTES
[1] 81 Am Jur 2d, Workmen's Compensation § 230.
[2, 6] 81 Am Jur 2d, Workmen's Compensation §§ 55, 67.
　Right to maintain direct action against fellow employee for injury or death covered by workmen's compensation. 21 ALR3d 845.
[3] 22 Am Jur 2d, Death § 126.
　38 Am Jur 2d, Fright, Shock, and Mental Disturbance § 36.
[4] 81 Am Jur 2d, Workmen's Compensation § 165.
[5] 16A Am Jur 2d, Constitutional Law § 749.

intentional infliction of emotional distress independent of an action for wrongful death where the intentional acts resulted in the death of the minor.

4. A party attacking a classification in economic and social welfare legislation on equal protection grounds has a heavy burden of demonstrating that the classification lacks a reasonable basis. Plaintiffs alleged a violation in equal protection but failed to meet their burden of proof.

Affirmed as to Counts I, II, III, and IV and reversed as to Counts V and VI.

T. M. BURNS, P.J., concurred in the result but wrote separately to clarify his position that not all allegations of intentional action are outside the bar of the exclusive remedy provision. He would hold that an employee may bring suit against an employer despite the exclusive remedy provision of the Worker's Disability Compensation Act only where the employer is alleged to have intended the injury itself, not merely the act leading to the injury.

OPINION OF THE COURT

1. WORKERS' COMPENSATION — GROSS NEGLIGENCE — REMEDIES.

An allegation of gross negligence on the part of an employer, standing alone, is insufficient to take an injury otherwise compensable under the Worker's Disability Compensation Act from the scope of the act; the worker's exclusive remedy remains under the act (MCL 418.131; MSA 17.237[131]).

2. WORKERS' COMPENSATION — INTENTIONAL TORTS — CONSPIRACY — REMEDIES.

Actions by the estate of an employee against his employer and co-employees alleging that the defendants acted as they did intending that the decedent die and that the defendants conspired to illegally reduce the workers' compensation liability of the employer by allowing the decedent to die are not barred by the exclusive remedy provision of the Worker's Disability Compensation Act (MCL 418.131, 418.827[1]; MSA 17.237[131], 17.237[827][1]).

3. TORTS — INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS — WRONGFUL DEATH.

The parents of a minor may maintain an action for intentional infliction of emotional distress independent of an action for wrongful death where the intentional acts resulted in the death of the minor.

4. Workers' Compensation — Infants — Illegal Employment.

An illegally employed minor is covered by the Worker's Disability Compensation Act.

5. Constitutional Law — Equal Protection — Statutes.

A party attacking a classification in economic and social welfare legislation on equal protection grounds has a heavy burden of demonstrating that the classification lacks a reasonable basis; if a reasonable relationship exists between the classification and a legitimate state interest, no denial of equal protection exists.

Concurrence by T. M. Burns, P.J.

6. Torts — Intentional Torts — Workers' Compensation — Remedies.

*An employee may bring suit against an employer despite the exclusive remedy provision of the Worker's Disability Compensation Act where the employer is alleged to have intended the injury itself, not merely the act leading to the injury.*

*Roger A. Rapaport, P.C.* (by *Roger A. Rapaport*), for plaintiffs.

*Moore, Sills, Poling & Wooster, P.C.* (by *James M. Prahler*), dor defendant.

Before: T. M. Burns, P.J., and Allen and Cynar, JJ.

Cynar, J. Plaintiffs, Wallace and Norma Barnes, commenced this action individually and Wallace Barnes as personal representative of the estate of Tim Barnes, their son, against their son's employer and coemployees. Defendants filed a motion for accelerated judgment on the ground that plaintiffs' suit was barred by the exclusive remedy provision of the Worker's Disability Compensation Act (WDCA). The lower court granted accelerated judgment on Counts I, II, V, and VI and denied the motion on Counts III and IV. Plaintiffs appeal as of right from the accelerated judgment on Counts I, II, V, and VI. Defendants filed a cross-

appeal, arguing that accelerated judgment should also have been granted on Counts III and IV.

Plaintiffs' complaint alleges the following facts. Decedent, Tim Barnes, 16-years-old, was illegally employed without a work permit by defendant Double Seal Glass Company in Genesee County. On October 2, 1978, defendant Coe, a foreman at Double Seal, ordered three employees to load glass onto an A-frame cart and then move it to another area. Plaintiffs allege that the wheels of the car could each withstand only 500 pounds of pressure and that the employees improperly loaded the cart so that the left front edge of the cart weighed 2,460 pounds. After the cart was loaded, Coe and the three employees tried unsuccessfully to push the cart. Other employees, including decedent, were called upon to help push the cart. The cart was immovable because the wheel underneath the heaviest load was turned perpendicular to the line of travel. During a final attempt to push the cart, the wheel shattered and the entire load of glass fell onto decedent. The glass sheared off part of decedent's skull, crushed his skull, and tore major arteries.

Several employees became violently ill at the sight of the gruesome injuries. Immediately after the event, Coe went into his office for 10 to 20 minutes to compose himself, leaving decedent bleeding under the shattered glass. Plaintiffs allege that no one called for an ambulance or attempted to give decedent medical aid even though emergency help was only about four mintues away. Decedent was later put into the back of an open pickup truck and driven to St. Joseph's Hospital in Flint.

Decedent was admitted to St. Joseph's Hospital at 10:58 a.m. on October 2, 1978, and listed in

critical condition. The hospital listed decedent as "John Doe" because Double Seal's President Edmond Mogford and the other employees told hospital personnel that they found decedent by the side of the road and did not know him. No one from Double Seal notified Wallace or Norma Barnes about the accident. Decedent was pronounced dead at 11:35 a.m. on October 2, 1978. Decedent was killed by: 1) extensive multiple fractures of the skull; 2) sheared off frontal lobe above the sinus; and 3) displacements of frontal bone and parietal bone.

After decedent was left at the hospital, defendants cleaned up the accident site so that police would not be able to accurately investigate the accident. Count I of plaintiffs' complaint alleges that defendants' negligence led to the accident. Count II alleges that defendants acted negligently after the accident by failing to give decedent the prompt medical care which would have saved his life. Count III alleges that defendants intentionally failed to act after decedent's injury, thereby allowing Tim Barnes to die. Count IV alleges that defendants conspired to let decedent die because they knew that workers' compensation death benefits were radically lower than payment of disability benefits if decedent had lived, because decedent had no dependents. Counts V and VI allege that defendants intentionally inflicted emotional distress upon plaintiffs directly, as individuals.

The principal issue is whether all of the counts in plaintiffs' complaint are barred by the exclusive remedy provision of the WDCA.

An action under the wrongful death statute[1] is

[1] "Whenever the death of a person or injuries resulting in death shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages,

derivative. In *Maiuri v Sinacola Construction Co,* 382 Mich 391; 170 NW2d 27 (1969), the Supreme Court held that the parents of a son killed while working for his employer were barred from bringing a wrongful death suit because the son would have been barred from bringing a civil suit because of the exclusive remedy provision of the WDCA:

"Since the cause of action of a proper plaintiff under the wrongful death act is a derivative one in that the personal representative of the deceased stands in his shoes and is required to show that the deceased could have maintained the action if death had not ensued, and since, in this case, the decedent would have been barred from an action for injuries resulting in death because of the exclusive remedy provisions of the workmen's compensation act, the trial court did not err in granting an accelerated judgment for the defendant." *Maiuri, supra,* p 396.

Accordingly, the central issue presented in this case is whether decedent could have brought a civil tort action against defendants if he had survived.

When an injury is compensable under the WDCA, the exclusive remedy provision bars any common-law tort action by an employee against his employer.[2] *Sewell v Bathey Mfg Co,* 103 Mich

in respect thereof, then and in every such case, the person who, or the corporation which would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony. All actions for such death, or injuries resulting in death, shall be brought only under this section." MCL 600.2922(1); MSA 27A.2922(1).

[2] "The right to the recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer. As used in this section and section 827 'employee' includes the person injured, his personal representatives and any other person to whom a claim accrues by reason of the injury to or death of the employee, and 'employer' includes his insurer, a service agent to a self-insured

App 732, 736; 303 NW2d 876 (1981). An employee "who receives a personal injury arising out of and in the course of employment" is entitled to compensation under the act. MCL 418.301(1); MSA 17.237(301)(1).

Plaintiffs argue that the exclusive remedy provision of the act is not applicable where plaintiffs have alleged intentional torts. This Court has recognized that an employee may bring a civil action against his employer for injuries which arose out of his employment but are not covered by the act. See *Moore v Federal Dep't Stores, Inc,* 33 Mich App 556; 190 NW2d 262 (1971), *lv den* 385 Mich 784 (1971) (false imprisonment); *Stimson v Michigan Bell Telephone Co,* 77 Mich App 361; 258 NW2d 227 (1977) (sex discrimination); *Broaddus v Ferndale Fastener Div, Ring Screw Works,* 84 Mich App 593; 269 NW2d 689 (1978), *lv den* 403 Mich 850 (1978) (intentional infliction of emotional distress); *Slayton v Michigan Host, Inc,* 122 Mich App 411; 332 NW2d 498 (1983) (intentional infliction of emotional distress).

As of the date of this writing, however, this Court has not agreed upon any one test to determine when the exclusive remedy provision does not bar a civil action. In *Moore,* the Court indicated that an employee could seek recovery outside the act where his injuries could not be compensated for under the act. This approach has not been followed in more recent cases. *McKinley v Holiday Inn,* 115 Mich App 160, 165; 320 NW2d 329 (1982); *Genson v Bofors-Lakeway, Inc,* 122 Mich App 470; 332 NW2d 507 (1983). *Stimson* and

employer, and the accident fund insofar as they furnish, or fail to furnish, safety inspections or safety advisory services incident to providing workmen's compensation insurance or incident to a self-insured employer's liability servicing contract." MCL 418.131; MSA 17.237(131).

*Broaddus* focus primarily upon whether the essence of the tort alleged is physical or nonphysical. The *McKinley* panel focused on the nature of the tort alleged and whether the Legislature intended the exclusive remedy provision to preclude the employee's common-law recovery. *McKinley, supra,* p 165. In *Sewell,* this Court recognized the inquiry as "whether the injuries themselves fall within the purview of the act, irrespective of the nature of the employer's acts". *Sewell, supra,* pp 737-738. This approach was recognized recently in *Slayton* and *Genson:*

"To begin with, we agree with the defendants that the applicability of the exclusive-remedy provision of the act turns not upon the characterization of the asserted cause of action but upon whether the employee has a right to recover benefits under the act. *Stimson, supra,* p 367. Therefore, the fact that the plaintiff's suit is based on a discrimination claim is not dispositive of which forum should hear the case. A civil suit for damages based upon an alleged violation of the plaintiff's right to employment without sex discrimination is in the nature of the tort action and, as such, concerns a personal injury to the plaintiff. *Stimson, supra,* p 366, fn 3. The act provides compensation for disabilities resulting from a personal injury suffered by an employee during the course of his or her employment. Thus, certain elements of damages in a sex discrimination suit may be barred by the act's exclusive-remedy provision, although generally a nonphysical tort such as sex discrimination falls outside the scope of the act. *Stimson, supra,* p 366." *Slayton, supra,* pp 415-416.

Counts I and II of plaintiffs' complaint allege a cause of action for the negligence of defendants prior to and after the accident. The trial court ruled that these counts were barred by the exclusive remedy provision. In *Sewell,* an allegation of gross negligence was not sufficient to take a result-

ing injury outside the scope of the act. Nowhere do our plaintiffs argue that decedent's injury did not arise out of and during the course of his employment. Plaintiffs are barred by the exclusive remedy provision of the WDCA from raising these claims in a civil suit. The individual coemployees of decedent are also exempt from liability under MCL 418.827(1); MSA 17.237(827)(1). *Herndon v UAW Local No 3,* 56 Mich App 435, 437; 224 NW2d 334 (1974), *lv den* 393 Mich 808 (1975).

In the present case, Count III states:

"55. That defendants by their inaction after the injury to Tim Barnes, proximatley caused his death;

"56. That defendants' inaction was intentional and, therefore, allowed Tim Barnes to die."

Count IV states:

"57. That after the accident, the foreman, Stephen Coe went into his office for 10-20 minutes, allegedly to compose himself, thereby intentionally allowing Tim Barnes to die;

"58. That neither Edmund Mogford, nor Stephen Coe called an ambulance so that Tim Barnes would die;

"59. That Edmund Mogford and three employees drove Tim Barnes, who was bleeding profusely and in shock, to the hospital in the back of an open pickup truck, on a chilly October morning, to let Tim Barnes die;

"60. That management ordered Double Seal employees to clean the area of the accident to destroy the evidence before police investigators arrived;

"61. That defendants conspired to let Tim Barnes die because they knew workers' compensation death benefits were radically less than disability benefits in this case as decedent had no dependents.

"62. That defendants contributed to the death of Tim Barnes for purposes of business and with callous disregard for decedent's life and well being."

Counts III and IV of plaintiffs' complaint allege that defendants, after the injury, intentionally did not act, thereby allowing Tim Barnes to die and let him die because workers' compensation benefits would be much less if he died leaving no dependents.

In *Sewell, supra,* the employer had been removing safety guards from a punch press machine in which plaintiff received his injury. Allegations of gross negligence, standing alone, were held insufficient to take the injury resulting therefrom outside the scope of the act. In *Sewell,* as in the matter before us, the action was intentional; in this case it is also alleged that the result was intentional.

Accepting the allegations as true and reading them in the light most favorable to plaintiffs, the trial court correctly denied the motion for accelerated judgment on Counts III and IV. Although the counts are somewhat ambiguous, they in fact allege two intentional torts. First, plaintiffs allege that defendants acted as they did intending the decedent to die and, second, defendants conspired to illegally reduce the workers' compensation liability by allowing Tim Barnes to die.

Counts V and VI of plaintiffs' complaint allege a cause of action on their own behalf individually against defendants for intentional infliction of emotional distress. Michigan has recognized intentional infliction of emotional distress as a separate cause of action. *Holmes v Allstate Ins Co,* 119 Mich App 710, 714; 326 NW2d 616 (1982); *Ledsinger v Burmeister,* 114 Mich App 12, 17; 318 NW2d 558 (1982); *Warren v June's Mobile Home Village & Sales, Inc,* 66 Mich App 386, 390; 239 NW2d 380 (1976).

The trial court erroneously assumed that plain-

tiffs' claim was derivative to decedent's claim under the wrongful death act. Plaintiffs' claim for intentional infliction of emotional distress is made on their own behalf, for their own injuries, for a tort directed at them rather than at their son. The claim is not for wrongful death and is not covered by § 2922 of the wrongful death act, MCL 600.2922; MSA 27A.2922, or the exclusive remedy provision of the WDCA, MCL 418.131; MSA 17.237(131). The trial court erred by granting accelerated judgment on Counts V and VI.

This Court, in *Ledsinger, supra,* pp 17-18, and *Warren, supra,* p 390, has adopted the standards set forth in 1 Restatement Torts, 2d, § 46, pp 71-72:

"(1) One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

"(2) Where such conduct is directed at a third person, the actor is subject to liability if he intentionally or recklessly causes severe emotional distress

"(a) to a member of such person's immediate family who is present at the time, whether or not such distress results in bodily harm, or

"(b) to any other person who is present at the time, if such distress results in bodily harm."

Section 46, comment *d,* p 73 of the Restatement states:

"It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice', or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to

go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous'.

"The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities."

Counts V and VI state an independent cause of action for intentional infliction of emotional distress which is not derivative and is outside the scope of the wrongful death act and the WDCA. Accelerated judgment was improperly granted as to Counts V and VI.

Plaintiffs also argue that they are entitled to bring an action against defendants because, as an illegally employed minor, decedent should have been entitled to a higher standard of care from his employer than the average worker. Plaintiffs cite no authority for this proposition. In *Allossery v Employers Temporary Service, Inc,* 88 Mich App 496; 277 NW2d 340 (1979), *lv den* 406 Mich 1000 (1979), this Court held that an illegally employed minor was covered by the WDCA and, therefore, his exclusive remedy was workers' compensation. MCL 418.161; MSA 17.237(161).

Plaintiffs further argue that the WDCA denies equal protection to employees who suffer fatal work-related injuries but leave no dependents by barring civil wrongful death claims by their estates. Plaintiffs raise this argument for the first time on appeal. Ordinarily, a constitutional challenge to a statute may not be raised for the first time on appeal. *Drewes v Grand Valley State Colleges,* 106 Mich App 776, 788; 308 NW2d 642 (1981). However, we respond briefly.

When confronted with an equal protection challenge to economic or social welfare legislation, the party attacking the statute bears the heavy burden of showing that the classification lacks a reasonable basis. *Drewes, supra,* p 785. "If a reasonable relationship exists between the governmental classification and a legitimate state interest, no denial of equal protection results." *Forest v Parmalee,* 402 Mich 348, 356; 262 NW2d 653 (1978). The primary purpose of the WDCA is to provide prompt and certain compensation to injured workers and their dependents regardless of traditional tort liability "so that the worker and his dependents may survive (literally) the catastrophe which the temporary cessation of necessary income occasions". *McAvoy v H B Sherman Co,* 401 Mich 419, 437; 258 NW2d 414 (1977). Plaintiffs have failed to sustain the heavy burden of showing that the classification lacks a reasonable basis.

In summary, accelerated judgment was properly granted as to Counts I and II. Accelerated judgment was properly denied as to Counts III and IV. Accelerated judgment was improperly granted as to Counts V and VI. We affirm in part and reverse in part.

ALLEN, J., concurred.

T. M. BURNS, P.J. *(concurring).* I fully concur in the result reached by the majority. However, I feel it is necessary to comment further upon whether intentional torts are covered under the Worker's Disability Compensation Act, thereby barring a separate tort action.

The majority quite correctly rules that, where an injury is within the scope of the Worker's Disability Compensation Act, workers' compensation benefits are the exclusive remedy against both

the employer and the coemployes. *Szydlowski v General Motors Corp,* 397 Mich 356; 245 NW2d 26 (1976); *Holody v Detroit,* 117 Mich App 76; 323 NW2d 599 (1982). However, not all injuries alleged against an employer are necessarily covered by the act. The employee is sometimes still allowed to sue the employer in court. In *Moore v Federal Dep't Stores,* 33 Mich App 556; 190 NW2d 262 (1971), *lv den* 385 Mich 784 (1971), this Court held that false imprisonment is not the type of personal injury contemplated by the act. *Slayton v Michigan Host, Inc,* 122 Mich App 411; 332 NW2d 498 (1983), *Pacheco v Clifton,* 109 Mich App 563; 311 NW2d 801 (1981), *lv gtd* 417 Mich 888 (1983), and *Stimson v Bell Telephone Co,* 77 Mich App 361; 258 NW2d 227 (1977), all held that injuries resulting from employment discrimination are not covered by the act. Therefore, a separate suit is allowable. Likewise, *Milton v Oakland County,* 50 Mich App 279; 213 NW2d 250 (1973), held that, where the defendant violated the plaintiff's employment rights for promotion, he was allowed to maintain a separate suit because this is not the type of industrial injury contemplated by the act. One particular type of injury not covered by the act is the injury arising from an intentional tort. *Seals v Henry Ford Hosptial,* 123 Mich App 329; 333 NW2d 272 (1983); *Kissinger v Mannor,* 92 Mich App 572; 285 NW2d 214 (1979); *Broaddus v Ferndale Fastener Div, Ring Screw Works,* 84 Mich App 593; 269 NW2d 689 (1978), *lv den* 403 Mich 850 (1978).

I disagree to some extent with the majority's analysis of *Genson v Bofors-Lakeway, Inc,* 122 Mich App 470; 332 NW2d 507 (1983). *Genson* quite properly held that, merely because the plaintiff has alleged what he claims to be an intentional

tort, he is not therefore automatically outside the act. In both *Burgess v Holloway Construction Co,* 123 Mich App 505; 332 NW2d 584 (1983), and *McKinley v Holiday Inn,* 115 Mich App 160; 320 NW2d 329 (1982), *lv den* 417 Mich 890 (1983), the workers had been injured through intentional torts. In *Burgess,* the worker had been murdered by a coemployee. While specifically stating that intentional torts are outside the act, this Court held that the exclusive remedy provision barred that particular suit anyway because plaintiffs had not sufficiently alleged that the employer itself had committed the intentional tort. In *McKinley,* the worker had been raped by a patron at the motel where she worked. Here, too, this Court held that the exclusive remedy provision barred the suit. However, *McKinley* specifically noted: "The instant plaintiff's complaint against Holiday Inn is grounded solely in negligence. No intentional misconduct is alleged." 115 Mich App 165.

*Genson* dealt with another aspect of the intentional tort issue. There, the workers had alleged that their employer had "maliciously, intentionally and wantonly" withheld from them information concerning benzidine and had "maliciously, intentionally and wantonly" assured them that benzidine would not harm them. However, most everything one does is intentional. In order to allege an intentional tort outside the act, the plaintiff must allege that the employer intended the injury itself and not merely the activity leading to the injury.[1] In other words, the intentional

[1] This same distinction has been made in governmental immunity law. If an intentional tort is alleged and the government cannot justify its actions, governmental immunity does not apply. *Smith v Michigan,* 122 Mich App 340; 333 NW2d 50 (1983). However, an intentional tort must be alleged. The plaintiff cannot merely allege that the government acted intentionally. *Elliott v Dep't of Social Services,* 124 Mich App 124; 333 NW2d 603 (1983); *Randall v Delta Charter Twp,* 121 Mich App 26; 328 NW2d 562 (1982).

tort necessary to get outside the act is the one that requires "the formation by the employer of a specific intention to cause an injury or death (combined with some action aimed at accomplishing such result), as opposed to mere negligence or even gross negligence". Anno: *What conduct is willful, intentional, or deliberate within workmen's compensation act provision authorizing tort action for such conduct,* 96 ALR3d 1064, 1068. The employer must have entertained the desire to bring about the result. *Courtney v BASF Wyandotte Corp,* 385 So 2d 391 (La App, 1980), *cert den* 386 So 2d 359 (La, 1980). Because the plaintiffs in *Genson* did not sufficiently allege that the employer had intended the injuries rather than intending the act leading to the injuries, the suit was barred by the act. *Genson* is not inconsistent with *Kissinger* and *Broaddus.*[2]

*Artonio v Hirsch,* 3 App Div 2d 939; 163 NYS2d 489 (1957), illustrates the distinction that is made. There, the worker alleged that the employer had deliberately sealed and intentionally made inoperative safety locks on certain steel presses that the plaintiff worked on. As a consequence, the employee was injured. Even though it alleges an intentional activity, such an allegation is insufficient by itself to overcome the exclusvie remedy provision. In analyzing this case, Professor Larson said:

"If [this decision seems] rather strict, one must re-

---

[2] *Genson* recognized that the act is not limited to recovery for accidental injuries. Even if the worker is assaulted by a coemployee, he can recover under the act. *Crilly v Ballou,* 353 Mich 303; 91 NW2d 493 (1958); *Andrews v General Motors Corp,* 98 Mich App 556, 559; 296 NW2d 309 (1980), *lv den* 412 Mich 926; 315 NW2d 127 (1982). But saying this is very different than saying that the act is the exclusive remedy for an injury that the employer intentionally inflicts on the employee.

mind oneself that what is being tested here is not the degree of gravity of depravity of the employer's conduct, but rather the narrow issue of intentional versus accidental quality of the precise event producing injury. The intentional removal of a safety device or toleration of a dangerous condition may or may not set the stage for an accidental injury later. But in any normal use of the words, it cannot be said, if such an injury does happen, that this was deliberate infliction of harm comparable to an intentional left jab to the chin." 2A Larson, Workmen's Compensation Law, § 68.13, p 13-27.

Earlier Professor Larson states the rule concerning intentional torts as follows:

"Intentional injury inflicted by the employer in person on his employee may be made the subject of a common-law action for damages on the theory that, in such an action, the employer will not be heard to say that his intentional act was an 'accidental' injury and so under the exclusive provisions of the compensation act. * * * But when the intentional injury is committed by a co-employee the better rule is that an action in damages will not lie against the employer merely because the co-employee occupied supervisory status in relation to the claimant." *Id.*, § 68, p 13-1.

Certainly the Worker's Disability Compensation Act should not be construed to encourage intentional torts.

"It would be anomalous to permit a defendant which, as in this case, acting through its officer assaulted the plaintiff herein, to say, 'I can assault you with impunity and the only remedy you have is to take Workmen's Compensation which I provided for you.'" *Garcia v Gusmack Restaurant Corp*, 150 NYS2d 232, 233 (NYC Ct, 1954).

In *Kissinger, supra,* this Court stated:

"The Legislature could not have intended that the exclusive remedy section of the act be construed to preclude a plaintiff's record for injuries suffered in an intentional tort such as the one before us. A substantial portion of plaintiff's injuries did not arise out of an employer-employee relationship and they occurred irrespective of the fact that plaintiff happened to be employed at the factory." 92 Mich App 577-578.

I feel that it is a total misconception of the act to inquire only into the type of injury to determine if it is covered. As the quote from *Kissinger* indicates, intentional torts normally do not occur within the course of employment. Therefore, the injuries that result from the intentional tort do not arise from the employment.

I do not believe that this Court is straying as far away from these principles as the majority indicates.