AUTO CLUB INSURANCE ASSOCIATION v HARDIMAN

Docket No. 196428. Submitted September 9, 1997, at Detroit. Decided
March 6, 1998, at 9:05 A.M.

Auto Club Insurance Association brought an action in the Oakland
Circuit Court against Kimberly Hardiman, seeking a declaration
that its liability for damages with respect to the defendant's claim
of negligent infliction of emotional distress that arose out of her
observing her brother having been struck and injured by an auto-
mobile that was being driven by the plaintiff's insured was limited
to the difference between the settlement that it had already made
with the defendant's brother and the policy limit of $100,000 a per-
son. The automobile no-fault policy in question provided liability
coverage of $100,000 a person and $300,000 an occurrence and fur-
ther provided that the limit of coverage for each person "includes
all claims for derivative damages allowed under the law." The plain-
tiff had settled with the defendant's brother for less than the policy
limit of $100,000 a person, and on the basis of its assertion that the
defendant's claim was a derivative of her brother's claim and thus
subject to the same policy limit of $100,000 a person, had offered
to settle the defendants' claim for the difference between the
brother's settlement and $100,000. The defendant had rejected the
plaintiff's offer of settlement, claiming that her action was separate
from and independent of her brother's claim and should be subject
to a separate policy limit of $100,000 a person, subject to the over-
all policy limit of $300,000 an occurrence. The court, Robert C.
Anderson, J., denied summary disposition for the plaintiff and
granted summary disposition for the defendant, finding that the
defendant's claim involved a separate disposition and independent
cause of action and was not a derivative of her brother's claim. The
plaintiff appealed.

The Court of Appeals *held*:

1. The insurance policy clearly makes derivative claims subject
to the same policy limit of $100,000 a person that is applicable to
the person through whom the claim is derived.

2. The plaintiff's reliance on cases involving loss of consortium,
society, and companionship for support of its assertion that the
defendant's claim of negligent infliction of emotional distress is a

derivative of her brother's claim for injuries is misplaced, because while a claim of loss of consortium is contingent upon the recovery of damages by the injured party, a claim of negligent or intentional infliction of emotional distress may be maintained as a separate and independent cause of action and is not dependent upon actual injury to, or recovery by, another person.

3. The trial court properly concluded that a claim of negligent infliction of emotional distress by a person who has witnessed an automobile accident is a separate and independent cause of action from any cause of action by a person who suffered a physical injury in the accident and that, accordingly, the claim of negligent infliction of emotional distress arising out of the observing of the injury of a relative in an automobile accident is not limited to a recovery that when combined with any recovery by the relative that was physically injured in the accident does not exceed the policy limit available to each individual.

Affirmed.

Actions — Derivative Actions — Negligent Infliction of Emotional Distress.

A claim of negligent infliction of emotional distress by a person who has witnessed an automobile accident is a separate and independent cause of action, rather than being a derivative action, from any cause of action by a person who is physically injured in the automobile accident and whose injury formed the basis of the claim of negligent infliction of emotional distress.

*Becker, Lanctot, McCutcheon, Schoolmaster, Taylor & Hom* (by *Jeffrey A. Oakes*) (*John A. Lydick*, of Counsel), for the plaintiff.

*Hatchett, Dewalt & Hatchett* (by *Arnold L. Weiner*), for the defendant.

Before: Holbrook, Jr., P.J., and White and R. J. Danhof*, JJ.

Per Curiam. Plaintiff, Auto Club Insurance Association (ACIA), appeals as of right from an order denying

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

its motion for summary disposition and granting summary disposition for defendant, Kimberly Hardiman, a minor, by her next friend, Bonnie Hardiman, in this declaratory judgment action. We affirm.

On March 1, 1991, six-year-old Kimberly Hardiman witnessed an accident in which her pedestrian brother, Kevin Hardiman, was struck by an automobile driven by Norma Lewis. Kevin became a paraplegic as a result of the accident. Lewis was insured under an automobile policy issued by ACIA. The policy provided liability coverage of $100,000 a person and $300,000 an occurrence for bodily injury. The policy further provided:

> The Bodily Injury Limit for each person is the maximum amount that will be paid for bodily injury sustained by one person in one occurrence. *This limit includes all claims for derivative damages allowed under the law.* [Emphasis added.]

Defendant filed suit against Lewis, alleging a cause of action for negligent infliction of emotional distress.[1] A separate cause of action for negligence was alleged by Kevin Hardiman. Kevin's claim was settled for $95,759. ACIA thereafter offered $4,241 in full settlement of defendant's claim, maintaining that her claim was *derivative* of her brother's claim and, therefore, subject to the $100,000 a person limitation, inclusive of all claims for derivative damages allowed under the law. Defendant rejected the offer and claimed that the $300,000 an occurrence limitation was available to satisfy her claim because it involved

---

[1] It was alleged that defendant sustained psychological and emotional injuries, with physical manifestations.

a separate, independent cause of action, not one that was a derivative of Kevin's claim.

In order to settle this dispute, ACIA filed this declaratory action against defendant, seeking a determination that her claim of negligent infliction of emotional distress was a derivative of her brother's negligence claim and, therefore, subject to the same $100,000 a person limitation that was applicable to her brother's claim. Both sides filed motions for summary disposition. The trial court ruled that defendant's claim involved an "independent and non-derivative" claim from her brother's and, therefore, denied ACIA's motion and granted summary disposition for defendant. This appeal followed.

We are presented with the single narrow legal issue whether defendant's bystander claim of negligent infliction of emotional distress is a *derivative* of Kevin's negligence claim, such that it is subject to the same $100,000 a person limit of coverage as her brother's claim.[2]

An insurance policy must be enforced in accordance with its terms. *Upjohn Co v New Hampshire Ins Co*, 438 Mich 197, 207; 476 NW2d 392 (1991). Undefined terms in an insurance policy are to be interpreted in accordance with common usage. *Group Ins Co of Michigan v Czopek*, 440 Mich 590, 596; 489 NW2d 444 (1992). Where an ambiguity is found, the court must construe the policy in a manner most

---

[2] We are neither presented with, nor express any opinion concerning, the question whether defendant possesses a valid claim of negligent infliction of emotional distress, see *Wargelin v Sisters of Mercy Health Corp*, 149 Mich App 75; 385 NW2d 732 (1986), or, if so, whether her claim is either subject to or meets the threshold requirements for tort liability under the no-fault act. MCL 500.3135; MSA 24.13135.

favorable to the insured. *Michigan Millers Mut Ins Co v Bronson Plating Co*, 445 Mich 558, 567; 519 NW2d 864 (1994). However, where there is no ambiguity, the court must enforce the policy as written. *Arco Industries Corp v American Motorists Ins Co*, 448 Mich 395, 403; 531 NW2d 168 (1995).

ACIA's insurance policy expressly states that the limit of liability applicable to each person "includes all *claims for derivative damages* allowed under the law." (Emphasis added.) We find that this language is clear and unambiguous insofar as it provides that claims for derivative damages are subject to the limit of coverage applicable to a person. However, we must determine whether a claim of negligent infliction of emotional distress constitutes a "claim for derivative damages." We hold that it does not.

ACIA cites three cases in support of its argument that defendant's claim is a derivative of her brother's negligence claim. See *Gibbs v Armovit*, 182 Mich App 425; 452 NW2d 839 (1990); *State Farm Mut Automobile Ins Co v Descheemaeker*, 178 Mich App 729; 444 NW2d 153 (1989); *Auto Club Ins Ass'n v Lanyon*, 142 Mich App 108; 369 NW2d 269 (1985). However, those cases all involve claims by family members for loss of consortium, society, and companionship. None of the cases involve a claim of intentional or negligent infliction of emotional distress. In each case, this Court held that the family member's loss of consortium claim was a derivative of the claim of the injured party and, therefore, subject to the liability limit of the injured party. We conclude that ACIA's reliance on these cases is misplaced.

Whereas a claim of loss of consortium is contingent upon the injured person's recovery of damages, *Bias*

*v Ausbury*, 369 Mich 378, 382; 120 NW2d 233 (1963); *Morrison v Grass*, 314 Mich 87, 106; 22 NW2d 82 (1946); *Hilla v Gross*, 43 Mich App 648, 652; 204 NW2d 712 (1972), a claim of negligent or intentional infliction of emotional distress may be maintained as a separate, independent cause of action and is not dependent upon actual injury to, or recovery by, another person. *Barnes v Double Seal Glass Co, Inc*, 129 Mich App 66, 75-76; 341 NW2d 812 (1983); *Campos v General Motors Corp*, 71 Mich App 23, 25; 246 NW2d 352 (1976).

In *Barnes*, the plaintiffs' son died in a work-related accident. The plaintiffs sued their son's employer and coemployees for wrongful death, alleging claims of negligence as well as intentional tort. The plaintiffs also alleged claims in their individual capacities for intentional infliction of emotional distress. The trial court granted accelerated judgment with respect to the intentional infliction of emotional distress claims, but this Court reversed, stating:

> Michigan has recognized intentional infliction of emotional distress as a separate cause of action. . . .
>
> The trial court erroneously assumed that plaintiffs' claim was derivative to decedent's claim under the wrongful death act. Plaintiffs' claim for intentional infliction of emotional distress is made on their own behalf, for their own injuries, for a tort directed at them rather than at their son. The claim is not for wrongful death and is not covered by § 2922 of the wrongful death act, MCL 600.2922; MSA 27A.2911, or the exclusive remedy provision of the [Worker's Disability Compensation Act], MCL 418.131; MSA 17.237(131). [*Barnes, supra* at 75-76.]

Defendant's claim of negligent infliction of emotional distress likewise involves a separate, indepen-

dent cause of action. Her claim seeks recovery for a tort directed at her personally, not at her brother. The success of her claim is not contingent on any recovery by her brother. Accordingly, we conclude that defendant's claim is not a derivative of her brother's negligence claim and, therefore, not subject to the $100,000 "per person" limit of coverage for claims involving derivative damages.

Other states that have considered this issue have likewise concluded that a claim of negligent or intentional infliction of emotional distress is a separate cause of action, such that it is subject to a "per occurrence" as opposed to "per person" coverage limitation. *Pekin Ins Co v Hugh*, 501 NW2d 508 (Iowa, 1993); *Crabtree v State Farm Ins Co*, 632 So 2d 736 (La, 1994); *Treichel v State Farm Mut Automobile Ins Co*, 280 Mont 443; 930 P2d 661 (1997); *Wolfe v State Farm Ins Co*, 224 NJ Super 348; 540 A2d 871 (1988). In *Pekin, supra* at 511-512, the Iowa Supreme Court specifically distinguished a bystander claim of negligent infliction of emotional distress from a claim of loss of consortium and held that the bystander claim was subject to a "per occurrence," rather than "per person," limitation of coverage, stating:

> Unlike the loss of consortium claim, an injury the bystander suffers is not one that results from an injury to another person. Rather, the injury is *directly to the bystander* as a result of the bystander *seeing* the accident and *reasonably* believing that the direct victim of the accident would be seriously injured or killed. . . .
>
>            *     *     *
>
> . . . [T]he injury—emotional distress—is compensable to the extent of the $100,000 remaining of the $300,000 per

occurrence underinsurance coverage limits. [Emphasis in *Pekin.*]

Accordingly, because defendant's claim of negligent infliction of emotional distress constitutes a separate, not a derivative, cause of action, the trial court did not err in denying ACIA's motion for summary disposition and granting summary disposition in favor of defendant.

Affirmed.