Per Curiam.
In this case, plaintiffs, the parents of the decedent,[1] claimed that the decedent’s employer was liable in tort for the negligent infliction upon plaintiffs of emotional distress, caused when plaintiffs were present at their son’s workplace at the time of his death. The circuit court denied defendant’s motion for summary disposition. The Court of Appeals granted leave to appeal and affirmed the denial of summary disposition on the claim of negligent infliction of emotional distress.[2] We reverse in part the judgment of the Court of Appeals and remand this case to the Macomb Circuit Court for entry of summary disposition in favor of the defendant on the claim of negligent infliction of emotional distress. Plaintiffs’ cause of action is barred by the exclusive *23 remedy provision of the Worker’s Disability Compensation Act (wdca), MCL 418.131.
I
The sixteen-year-old decedent was hired by defendant Ashland Oil, Inc.,[3] through the Chippewa Valley Schools’ work study plan. After securing a work permit, decedent began working for defendant at defendant’s “Instant Oil Change” service facility. On June 2, 1995, a customer brought in a five-gallon bucket that was filled with a liquid believed by a coemployee of decedent to be waste oil. Following procedures outlined by the defendant, the bucket was emptied into a “catch basin.” Toward the end of normal business hours, there was a problem with draining the catch basin. The coemployee set about to check the level of the waste oil in the catch basin. He purportedly did this by using a disposable lighter, which caused an explosion.[4] In the ensuing fire, decedent was killed. Decedent’s parents learned of the explosion and fire almost immediately and went to the service center. While at the service center, plaintiffs were told of their son’s death.
II
Plaintiffs sued their son’s employer, his school, and employees of the school.[5] Of the several causes of *24 action brought by plaintiffs against defendant Ash-land, only one remained after the Court of Appeals issued its unpublished per curiam opinion on January 12, 2001 (Docket No. 209075). This was a claim by plaintiffs of negligent infliction of emotional distress.[6] Plaintiffs claimed damages from witnessing the death of their child. Defendant asserts that the cause of action is barred by the exclusive remedy provision of the wdca, MCL 418.131, which states:
(1) The right to the recovery of benefits as provided in this act shall be the employee’s exclusive remedy against the employer for a personal injury or occupational disease. The only exception to this exclusive remedy is an intentional tort. An intentional tort shall exist only when an employee is injured as a result of a deliberate act of the employer and the employer specifically intended an injury. An employer shall be deemed to have intended to injure if the employer had actual knowledge that an injury was certain to occur and willfully disregarded that knowledge. The issue of whether an act was an intentional tort shall be a question of law for the court. This subsection shall not enlarge or reduce rights under law.
(2) As used in this section and section 827, “employee” includes the person injured, his or her personal representatives, and any other person to whom a claim accrues by reason of the injury to, or death of, the employee, and “employer” includes the employer’s insurer and a service agent to a self-insured employer insofar as they furnish, or fail to furnish, safety inspections or safety advisory services incident to providing worker’s compensation insurance or *25 incident to a self-insured employer’s liability servicing contract. [Emphasis added.]
III
The Court of Appeals held that the claim for negligent infliction of emotional distress brought by plaintiffs, even when it concerned a work-related accident, was a separate tort and thus not within the bar of the exclusive remedy provision. The plain language of the statute, however, states that the exclusive remedy for an employee, including “his or her personal representatives, and any other person to whom a claim accrues by reason of the injury to, or death of, the employee,” is found in the wdca. MCL 418.131(2).
This provision is dispositive of this case. Here, the plaintiffs’ claim has accrued by reason of the death of an employee of the defendant. The plaintiffs are within the category of individuals barred from suit, namely, as defined by § 131(2) of the WDCA, “any other person to whom a claim accrues by reason of the . . . death of . . . the employee . . . .” Thus, the claim is barred.
In asserting that plaintiffs’ negligent infliction of emotional distress claim is not barred by MCL 418.131, the Court of Appeals and the dissent here rely substantially on Barnes v Double Seal Glass Co, Inc, 129 Mich App 66; 341 NW2d 812 (1983), and Auto Club Ins Ass’n v Hardiman, 228 Mich App 470; 579 NW2d 115 (1998). However, those cases are materially distinguishable from the present case and, consequently, offer little guidance in its resolution.
Barnes also involved a tragic workplace death of a sixteen-year-old. In that case, the Court of Appeals *26 held that the trial court erred, on the basis of the exclusive remedy provision of the wdca, in granting summary disposition in favor of the employer with regard to the claim of the employee’s parents for intentional infliction of emotional distress. Id. at 75-76. This result does not seem unusual in any way because MCL 418.131(1) provides for an intentional tort exception to the exclusive remedy rule of the worker’s compensation scheme and that is the exception the Barnes’ suit invoked. Thus, since the instant case involves a nonintentional tort claim, i.e., negligent rather than intentional infliction of emotional distress, the Barnes holding is inapposite.
Similarly, the holding of Hardiman is inapposite to the resolution of the present case. Most importantly, Hardiman did not involve a worker’s compensation question; rather, it dealt with the narrow question whether damages in a non-worker’s compensation civil lawsuit, involving a “negligent infliction of emotional distress” claim, constituted “derivative damages” so that insurance coverage could be limited.[7] This issue of law is irrelevant to a discussion of the nuances of the exclusive remedy provision of the wdca. While there is discussion in Hardiman of the distinctions between derivative and independent actions in civil litigation, the statute here, MCL 418.131, controls the lawsuit in the instant case. This *27 statute never alludes to derivative or independent actions, but simply states that claims accruing “by reason of the injury to, or death of, the employee” are barred. Thus, because these plaintiffs have claims that have accrued “by reason of” the death of the employee, they are without a remedy, and nothing Hardiman states affects this in the slightest.
Moreover, although we regard the plain language of MCL 418.131 as decisive, we believe that our decision is reinforced by an understanding of the history of the exclusive remedy provision of the wdca. Helpful in this regard are this Court’s companion decisions in Moran v Nafi Corp, 370 Mich 536; 122 NW2d 800 (1963), and Balcer v Leonard Refineries, Inc, 370 Mich 531; 122 NW2d 805 (1963). In both Moran and Balcer, we addressed whether a claim for loss of consortium against an employer based on an injury suffered by a spouse as an employee was barred by the then much less well-defined exclusive remedy provision of the Workmen’s Compensation Act, which did not then, as it does now, expressly extend to persons other than an employee.[8]
Notwithstanding the much less sweeping language in the old statute, Justice O’Hara writing for the Court had no trouble concluding in Moran that, not just an employee, but also a third party, was barred from maintaining a cause of action against an em *28 ployer under the exclusive remedy provision. Justice O’Hara said:
Under the above section and the title of the act, as previously discussed, we believe any broadening of the base of recovery against the employer as a result of an industrial injury to include an action at law by any other person must, if it is to be authorized, be authorized by legislative action. We hold the legislative intent expressed in the act precludes the judicial construction contended for by plaintiff and adopted by the learned trial judge [which would have allowed the loss of consortium claim to go forward]. [Id. at 543. ][9]
In Balcer, which was considered and released with Moran, Justice Smith concluded to similar effect that the exclusive remedy provision barred a claim by a third party against the employer on the basis of an injury to an employee. He offered historical background that is edifying:
“The history of the development of statutes, such as this, creating a compensable right independent of the employer’s *29 negligence and notwithstanding an employee’s contributory negligence, recalls that the keystone was the exclusiveness of the remedy. This concept emerged from a balancing of the sacrifices and gains of both employees and employers, in which the former relinquished whatever rights they had at common law in exchange for a sure recovery under the compensation statutes, while the employers on their part, in accepting a definite and exclusive liability, assumed an added cost of operation which in time could be actuarially measured and accurately predicted; incident to this both parties realized a saving in the form of reduced hazards and costs of litigation.” [Id. at 535 (Smith, J.), quoting Smither & Co, Inc v Coles, 100 US App DC 68, 70; 242 F2d 220 (1957) (emphasis in Balcer).]
Our holding in this case is also consistent with the overview of the different approaches to the exclusive remedy provision that Justice Smith discussed in Balcer at 533-534, quoting 2 Larson, Workmen’s Compensation, § 66.10, p 141, as follows:
“There are 3 general types of ‘exclusive liability’ clause which, for present purposes, must be carefully identified with the cases that depend upon them; from the narrowest to the broadest, they are as follows: the Massachusetts type, which only says that the employee, by coming within the act, waives his common-law rights; the California and Michigan type, which say that the employer’s liability shall be ‘exclusive,’ or that he shall have ‘no other liability whatsoever’; and the New York type, which carries this kind of statute 1 step further by specifying that the excluded actions include those by ‘such employee, his personal representatives, husband, parents, dependents or next of kin, or anyone otherwise entitled to recover damages, at common law or otherwise on account of such injury or death.’ ” [Emphasis in Balcer.]
Since this was written in 1963, MCL 418.131 has been enacted and has, of course, moved Michigan into the *30 “New York type” of exclusive remedy provision under which it is even more clear that a third party ordinarily cannot recover damages from an employer on the basis of an employee’s death.
Against this background, it is all the more appropriate that, as with our predecessors, we should continue to accord a plain reading to the current exclusive remedy provision, which unambiguously bars from suit “any other person to whom a claim accrues by reason of the injury to, or death of, the employee.”
No one would disagree with the dissent that the death underlying this case occurred under tragic and horrific circumstances. However, our empathy for plaintiffs does not justify this Court ignoring the plain language of MCL 418.131, which bars the imposition of liability on defendant in the present circumstances. It could be argued, as undoubtedly it has been before the Legislature, that the law should allow a cause of action under circumstances like those in this case. Yet, as Justices Smith and O’Hara and the many others on this Court who have written or signed opinions to a similar effect have understood, this is a policy matter—which is to say, it is not this Court’s choice to make. Rather, we, as judges, must apply the legislation as it is written. As Justice Cavanagh stated for a unanimous Court in Huggett v Dep’t of Natural Resources, 464 Mich 711, 717; 629 NW2d 915 (2001):
If the statutory language is clear and unambiguous, then we conclude that the Legislature intended the meaning it clearly and unambiguously expressed, and the statute is enforced as written. No further judicial construction is necessary or permitted.
*31 Justice Kelly not only joined that statement, but earner stated in her unanimous opinion in Chandler v Dowell Schlumberger Inc, 456 Mich 395, 406; 572 NW2d 210 (1998), with regard to the statute at issue there, that “[t]he Legislature can and may rewrite the statute, but we will not do so.” The dissent, we assume, still adheres to this rule, but deflects the thrust of it by the claim that the language of the statute at issue is ambiguous and, thus, the judiciary is free to interpret its meaning. The worth of this argument, we believe, is self-evident to those who read this straightforward statute and the statute’s consistent and unvarying judicial construction over the whole of the era of worker’s compensation.
In sum, plaintiffs’ claim against defendant for negligent infliction of emotional distress is barred by the exclusive remedy provision of the wdca contained in MCL 418.131.
IV
We reverse, in part, the judgment of the Court of Appeals and remand to the Macomb Circuit Court for summary disposition in favor of defendant. We do not retain jurisdiction.
Corrigan, C.J., and Weaver, Taylor, Young, and Markman, JJ., concurred.

 The decedent’s minor sister is also named as a plaintiff by virtue of her loss of consortium claim. Because that claim is not implicated in this appeal, further references to “plaintiffs” in this case refer only to the parents of the decedent.

 The Court of Appeals agreed with defendant that the trial court erred in denying summary disposition of the claims of intentional tort and breach of contract. Those claims are not before us.

 While there are multiple defendants in this case, only defendant Ash-land Oil is a party to this appeal. Accordingly, further references to “defendant” in this case refer only to Ashland Oil.

 The coemployee denied he had used the lighter to look inside the catch basin. For purposes of resolution of the issue presented by defendant, it is unnecessary to resolve this factual dispute.

 Decedent’s parents filed several causes of action including breach of contract, gross negligence, and intentional tort. Additionally, decedent’s *24 minor sister filed an action for loss of consortium. Decedent’s father also sued defendant as personal representative of his son’s estate.

 Plaintiffs’ cause of action is sometimes referred to as “bystander recovery,” and its elements are set forth in Wargelin v Sisters of Mercy Health Corp, 149 Mich App 75; 385 NW2d 732 (1986). This Court has never recognized the existence of such a cause of action, and we decline to discuss the validity of plaintiffs’ claim at this time because a discussion of the merits of the claim is unnecessary to our determination.

 Evidently, the negligent infliction of emotional distress claim in Hardiman was based on an incident in which a six-year-old witnessed her brother being struck by an automobile, which rendered the brother a paraplegic. Id. at 472. The Hardiman panel concluded that a claim for negligent infliction of emotional damages is not “derivative” because it “may be maintained as a separate, independent cause of action and is not dependent upon actual injury to, or recovery by, another person.” Id. at 475.

 The language of MCL 411.4, the predecessor of MCL 418.131, as then in effect, stated simply:
Where the conditions of liability under this act exist, the right to the recovery of compensation benefits, as herein provided, shall be the exclusive remedy against the employer.

9 Three justices joined the lead opinion of Justice O’Hara in Moran that contained this holding. At the time, there were eight justices on this Court. In a concurring opinion, Chief Justice Carr, joined by two other justices, stated “[w]e are in accord with the holding of Mr. Justice O’Hara that the rights granted by the workmen’s compensation act to an employee who sustained an injury arising out of and in the course of his employment are exclusive.” Id. at 545. Thus, the above-quoted holding from the lead opinion in Moran regarding the exclusivity of the Workmen’s Compensation Act constituted a majority holding of this Court. Chief Justice Carr’s opinion included additional discussion of his view that this Court should not have adopted a cause of action for loss of consortium, id. at 544-545, which presumably was his reason for writing separately.
Similarly, in Balcer, the lead opinion, which was joined by four of the eight participating justices, indicated that the plain language of MCL 411.4 as then in effect barred the wife’s loss of consortium claim. Id. at 532-533 (Smith, X). The other four justices concurred for the reasons set forth in Moran, swpra. Id. at 535 (Carr, C.J.).