Kelly, J.
(dissenting). In its efforts to read the law scrupulously, the majority has misconstrued the exclusive remedy provision of the Worker’s Disability Compensation Act,[1] giving it meaning never intended by its framers. Plaintiffs allege an injuiy to them *32 selves, not to their son. Because their claim falls outside the scope of the act, this Court should affirm the decision of the Court of Appeals.
I. FACTUAL AND PROCEDURAL BACKGROUND
Plaintiffs witnessed a terrible accident that they assert was caused by defendant’s negligence. They arrived at the service center simultaneously with fire fighters and found the building where their son Jason worked aflame from the explosion that had occurred there minutes before. The fire was burning too strongly for plaintiffs or anyone else to rescue Jason from inside. Mrs. Hesse, in her anguish, made a rescue effort and had to be restrained. She became so distraught that she required immediate medical attention. She and her husband remained at the scene for hours and eventually witnessed the removal of a body, presumably that of their son. Jason Hesse was burned beyond recognition, his body identified only by dental records.
As the Court of Appeals recognized, there was ample evidence that the experience traumatized both Mr. and Mrs. Hesse to the point of causing them physical harm:
Ashland next argues that plaintiffs produced no evidence that Kenneth and Cynthia Hesse suffered actual physical harm as a result of the accident, other than the expected shock and distress stemming from the death of their son. We disagree. Evidence showed that Cynthia Hesse became so hysterical when she arrived at the scene of the fire that she required immediate medical treatment and sedation. Further, in her deposition, Cynthia Hesse testified that she experienced additional medical problems as a result of her trauma. Mrs. Hesse testified that her preexisting bladder condition was exacerbated by her nervous condition after *33 Jason’s death. Moreover, she suffered at least one nightmare related to Jason’s death, during which she reacted so violently that she pulled muscles in her neck and shoulder, which required medical attention. Clearly, plaintiffs established a triable issue with regard to whether Cynthia Hesse incurred actual physical injury due to the shock she experienced because of her son’s death.
Further, plaintiffs succeeded in establishing a triable issue with regard to whether Kenneth Hesse suffered an actual physical injury. According to the evidence, Kenneth Hesse experienced shock and trauma related to Jason’s death. Mr. Hesse reported experiencing “depression, anxiety],] sleeping problems” and an inability to concentrate. He also stated that Jason’s death had caused him to abuse alcohol. In August 1996, a doctor prescribed Mr. Hesse Prozac because he was having “[a] lot of trouble with energy,” which was related to Mr. Hesse’s state of grief following Jason’s death. This evidence establishes a triable issue with regard to whether Mr. Hesse suffered actual physical injury as a result of the accident. [Slip op, pp 9-10 (citations omitted).]
The Court of Appeals concluded that plaintiffs’ claim for their own injuries caused by witnessing the fire stated a separate tort of negligent infliction of emotional distress. It was not derived from the injuries to their son. The panel cited Michigan law recognizing such a nonderivative claim. Slip op at 9, citing Auto Club Ins Ass’n v Hardiman, 228 Mich App 470, 474-477; 579 NW2d 115 (1998), and Barnes v Double Seal Glass Co, 129 Mich App 66, 75-76; 341 NW2d 812 (1983).
II. THE CAUSE OF ACTION
A claim for negligent infliction of emotional distress is generally recognized when a parent witnesses the violent death of a child. See generally Prosser & Keeton, Torts (5th ed), § 54, pp 359-367; see also Con *34 solidated, Rail Corp v Gotshall, 512 US 532, 545-549; 114 S Ct 2396; 129 L Ed 2d 427 (1994).[2] The common-law cause of action for negligent infliction of emotional distress has been recognized and applied in Michigan, although this Court has never ruled on the issue. Hardiman, supra at 475; Wargelin v Sisters of Mercy Health Corp, 149 Mich App 75, 81; 385 NW2d 732 (1986).
As stated by the Court of Appeals, the elements of negligent infliction of emotional distress are: (1) serious injury threatened or inflicted on a person, not the plaintiff, of a nature to cause severe mental disturbance to the plaintiff, (2) shock by the plaintiff from witnessing the event that results in the plaintiffs actual physical harm, (3) close relationship between the plaintiff and the injured person (parent, child, husband, or wife), and (4) presence of the plaintiff at the location of the accident at the time the accident occurred or, if not presence, at least shock “fairly contemporaneous” with the accident. Wargelin, supra at 81.[3]
Michigan generally does not regard a claim of negligent infliction of emotional distress made by a close family member to be derivative of the family mem *35 ber’s injury. The Court of Appeals considered the difference between derivative and nonderivative actions in Hardiman, supra. There, it distinguished the claim of negligent infliction of emotional distress from claims such as loss of consortium, society, and companionship, which are derivative claims.[4] Unlike them, “a claim of negligent or intentional infliction of emotional distress may be maintained as a separate, independent cause of action and is not dependent upon actual injury to, or recovery by, another person.” Hardiman, supra at 475, citing Barnes, supra at 75-76; Campos v General Motors Corp, 71 Mich App 23, 25; 246 NW2d 352 (1976).
I believe that the claim plaintiffs made in this case is not derivative of their son’s accident, as the term “derivative” is used in Michigan law. For that reason, it survives the exclusive remedy provision of the wdca. Moreover, I believe that my position finds support in the language and purpose of the WDCA.
m. THE EXCLUSIVITY OF THE WDCA
Although no case is on point, Barnes is closely analogous. In Barnes, the Michigan Court of Appeals determined that a claim for the intentional infliction of emotional distress is not covered by the exclusive remedy provision of the wdca. There, the plaintiffs’ *36 son was killed in a work-related accident. Although intentional tort claims are generally not precluded by the wdca, the Court of Appeals analysis of the emotional distress claim is instructive. The Court concluded that “Plaintiffs’ claim for intentional infliction of emotional distress is made on their own behalf, for their, own injuries, for a tort directed at them rather than at their son. The claim is not for wrongful death and is not covered by . . . the exclusive remedy provision of the wdca . . . .” See Id. at 76. The instant claim for negligent infliction of emotional distress belongs to plaintiffs in the same way.
The language of the exclusive remedy provision is not unambiguous, as the majority unequivocally asserts. MCL 418.131 restricts recovery to the disabled employee and “any other person to whom a claim accrues by reason of the injury to, or death of, the employee . . . .” MCL 418.131(2). The purpose of the wdca is to provide a system of “compensation to employees for injuries suffered in the course of employment, regardless of who is at fault.” Clark v United Technologies Automotive, Inc, 459 Mich 681, 686-687; 594 NW2d 447 (1999) (emphasis added). By way of contrast, plaintiffs allege injuries to themselves. They were not employed by defendant and therefore did not sustain their injuries in the course of employment.
I believe that a fair reading of MCL 418.131 begins with the understanding that recovery under the WDCA is available to an injured employee and to individuals standing in his place. Claims outside the WDCA brought, for example, by the personal representative of a deceased employee’s estate truly accrue by reason of the employee’s death and are precluded by *37 MCL 418.131. On the other hand, plaintiffs’ claim is based on the effect on them of having witnessed the employee’s death. It is not meant to recover for the death itself. They do not stand in their son’s shoes while making this claim. Hence, it falls outside the scope of the wdca, and MCL 418.131 does not pertain to it. See Barnes, supra at 71.
Notably, if plaintiffs are prevented from maintaining this action, they will also be unable to avail themselves of the remedies of the wdca. They will have nowhere else to turn to recover for their physical manifestations of witnessing their son’s horrific death.
As this Court stated in Clark, supra at 687: “In return for [the employer incurring] almost automatic liability, employees are limited in the amount of compensation they may collect from their employer, and, except in limited circumstances, may not bring a tort action against the employer.” Under the majority’s construction of the exclusive remedy provision, plaintiffs’ recovery is precluded, but there is no corresponding “almost automatic liability” for their injuries to justify the preclusion. That result could not have been intended by the Legislature.
IV. conclusion
The majority has extended the reach of the exclusive remedy provision of the wdca to bar plaintiffs’ claim of negligent infliction of emotional distress. The per curiam opinion effects this leap without citing any authority on point and without considering that MCL 418.131 is subject to differing interpretations. The majority relies simply on its reading of MCL *38 418.131, obdurately asserting that it is plain and unambiguous.
By contrast, the Court of Appeals interpretation of the statute is based on the sound reasoning in Barnes, Hardiman, and Wargelin. This Court should apply existing law and consider the purpose underlying the wdca. It should conclude that the exclusive remedy provision must be construed as not including the claims of third parties ineligible for compensation under the wcda, and it should affirm the judgment of the Court of Appeals.
Cavanagh, J. I would either grant or deny leave to appeal, but would not dispose of this case by an opinion per curiam.

 MCL 418.131.

 The United States Supreme Court in Consolidated Rail noted that “[n]early all of the States” have recognized some form of negligent infliction of emotional distress. Id. at 544-545. It went on to identify Michigan as one of nearly half the states that “now allow bystanders outside of the zone of danger to obtain recovery in certain circumstances for emotional distress brought on by witnessing the injury or death of a third party (who typically must be a close relative of the bystander) that is caused by the defendant’s negligence.” Id. at 549, n 10, citing Nugent v Bauemneister, 195 Mich App 158; 489 NW2d 148 (1992).

 Michigan precedent does not adhere to the “zone of danger” rule that precludes liability when the witness was not in any danger himself. See 2 Restatement Torts, 2d, § 313, pp 113-115; See also 2 Stein, Personal Injury Damages (3d ed), § 10:31, p 10-69, n 23.

 The majority makes much of this Court’s lead opinion in Moran v Nafi Corp, 370 Mich 536; 122 NW2d 800 (1963). There, the Court addressed only the claim of loss of consortium, describing it as “growing out of the accidental injury to the employee,” or derivative. Id. at 538. See Black’s Law Dictionary (6th ed), defining “derivative” as: “Coming from another; taken from something preceding; secondary.” Where, unlike a claim for loss of consortium, plaintiffs’ claim for negligent infliction of emotional distress is not derivative of the employee’s injury, Moran does not support the majority’s construction of MCL 418.131.