Morris and Laila ANDERSON, the surviving parents of Michael Anderson, individually; David Anderson, the surviving brother of Michael Anderson; and Morris Anderson, as personal representative of the estate of Michael Anderson, and on behalf of the beneficiaries, Appellants (Plaintiffs),

v.

**SOLVAY MINERALS, INC.,**
Appellee (Defendant).

No. 98–41.

Supreme Court of Wyoming.

April 4, 2000.

Representing Appellants: Vonde M. Smith and Gary Shockey of Lawyers and Advocates for Wyoming, Jackson, Wyoming.

Representing Appellee: William R. Dabney of Holland & Hart, Cheyenne, Wyoming; Joe M. Teig of Holland & Hart, Jackson, Wyoming; and Ford T. Bussart of Bussart, West, Rossetti, Piaia & Tyler, P.C., Rock Springs, Wyoming.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and TAYLOR,* JJ.

* Retired November 2, 1998.

THOMAS, Justice.

The primary issue in this appeal is presented by the contention that the survivors of a miner killed in the collapse of a trona mine can maintain an action for wrongful death against the employer despite the exclusive remedy articulated in Wyo. Const. art. 10, § 4. Appellants rely upon the provisions of Wyo. Const. art. 9, § 4 to support the action for wrongful death. This argument was resolved categorically to the contrary in *Parker v. Energy Development Co.*, 691 P.2d 981 (Wyo.1984), and we will continue to follow the holding of that case. A second claim of error relates to the dismissal of the claim by the survivors for intentional infliction of emotional distress, which they assert is independent of the worker's compensation claim. We agree with the district court that the claim for intentional infliction of emotional distress is derivative of the claim under the Wyoming Worker's Compensation Act, and, further, the record fails to demonstrate facts to support a valid claim for intentional infliction of emotional distress. We hold that it appropriately was dismissed. The Judgment in Favor of Defendant Solvay Minerals is affirmed.

The statement of the issues set forth in the Brief of the Appellants, filed on behalf of Morris and Laila Anderson, the surviving parents of Michael Anderson, individually, David Anderson, the surviving brother of Michael Anderson, and Morris Anderson, as representatives of the estate of Michael Anderson, on behalf of the beneficiaries, (the Andersons) is:

I.

The doctrine of implied repeal cannot be constitutionally applied to a constitutional provision in Wyoming.

II.

Mine statutes enacted for the safety of miners were violated.

III.

The intentional infliction claims are not barred by worker's compensation immunity.

In the Brief of Appellee Solvay Minerals, Inc., this counter statement of the issues is presented:

A. Did the district court properly rule that Solvay Minerals is absolutely immune from appellants' wrongful death action by virtue of Art. 10, § 4 of the Wyoming State Constitution?

B. Did the district court properly rule that appellants' action for intentional infliction of emotional harm is also barred as a matter of law?

Solvay Minerals mines trona in an underground mine in Sweetwater County. Michael Anderson, the deceased, was employed at Solvay Minerals as a shuttle car driver. The duties of a shuttle car driver were to transport trona from the mining area to an area where it could be conveyed to the surface. On February 3, 1995, Michael Anderson was at work in the mine, and at approximately 8:30 in the morning, the southwest section of the mine collapsed, trapping Michael Anderson and other employees. Rescue crews promptly began an extensive search for the miners who were working in the collapsed section of the mine.

Michael Anderson's parents were notified, and they went to the mine to wait for news about their son. A little after 6:00 a.m. on the morning of February 5, 1995, representatives of Solvay Minerals advised the Andersons that crews had reached Michael Anderson who was talking and joking with his rescuers. Some thirty minutes later, however, the Solvay Minerals representatives advised Michael Anderson's parents that his heart had stopped and that emergency personnel were endeavoring to revive him. The rescuers removed Michael Anderson from the mine at 7:34 a.m., and he was pronounced dead at 8:07 a.m. at a local hospital.

The Andersons, individually and as representatives of the Estate of Michael Anderson, asserted four claims in their action against Solvay Minerals. Those claims were premised upon theories of negligence, strict liability, willful statutory violations, and intentional infliction of emotional distress. Solvay Minerals filed an answer and then moved to dismiss the case. The district court heard

oral arguments and issued an opinion letter on October 15, 1997, granting Solvay Minerals' motion to dismiss. The district court ruled that worker's compensation provided the sole remedy for the Andersons for the death of their son, despite the allegations of negligence and safety violations by Solvay Minerals. The district court also concluded that the Andersons' claim for intentional infliction of emotional distress was derivative of the worker's compensation claim, and it too was barred by the exclusive remedy provision of the worker's compensation statute. As a further ground for dismissing the claim for intentional infliction of emotional distress, the district court ruled that no facts were presented to it, in its role as a gatekeeper, which would justify the submission of such a claim to a jury. The Andersons then appealed from the Judgment in Favor of Defendant Solvay Minerals.

■ The opinion letter of the district court demonstrates that the court considered the "motions, memoranda affidavits, and legal authority submitted by the parties" as well as the oral arguments. A motion to dismiss is converted to a motion for summary judgment when the court considers materials outside the pleadings, and when it considers affidavits the conversion is automatic. *Davis v. Davis*, 855 P.2d 342, 345 (Wyo.1993); *Coones v. F.D.I.C.*, 848 P.2d 783, 804 (Wyo. 1993). A summary judgment is appropriate if "there is no genuine issue as to any material fact and * * * the moving party is entitled to judgment as a matter of law." W.R.C.P. 56. When we review an order granting a summary judgment, our standard of review incorporates the same standards the district court is to follow in deciding the motion. *Davis v. Wyoming Medical Center, Inc.*, 934 P.2d 1246, 1250 (Wyo.1997). We examine the record before us from the perspective most favorable to the party opposing the motion, and we give that party the benefit of all favorable inferences that fairly may be drawn from the record. *Id.* at 1250.

■ In ruling on the Andersons' claims for negligence, strict liability, and violations of safety regulations, the district court held that the Wyoming Worker's Compensation Act, Wyo. Stat. Ann. §§ 27–14–101 through 27–

14–805 (Michie 1997), afforded the exclusive remedy for Michael Anderson's death. The Andersons rely on Wyo. Const. art. 9, § 4 as guaranteeing to mine workers a right of action against employers for injury or death caused by a willful violation of mine safety laws enacted pursuant to Wyo. Const. art. 9. The Andersons acknowledge *Parker*, but contend that *Parker* manifests a judicial repeal of a constitutional provision that should be corrected. Stripped of its verbiage, the Andersons' contention in this regard simply reiterates the *Parker* position, with the only mark of distinction being Parker was injured and Michael Anderson was killed.

In *Parker*, 691 P.2d at 985, we summarized Parker's position:

It is the contention of the appellant that it was the legislative intent that Art. 10, § 4 would not impact upon Art. 9, § 4, the net effect of which would be that, in the case at bar, the employee would be possessed of standing to bring his culpable-neglect and intentional-tort action against his employer for the

* * * wilful failure to comply with the provisions of this article [Art. 9, Mines and Mining], or laws passed in pursuance [t]hereof * * *. Art. 9, § 4.

In other words, Parker contends that Art. 9, § 4 of the Constitution takes precedence over Art. 10, § 4 and therefore the employer's immunity from suit which is contemplated by Art. 10, § 4 does not inure to the benefit of Parker's contributing employer, Energy Development Co.

The amendment to Wyo. Const. art. 10, § 4 was adopted in 1913. In pertinent part, it provided:

The right of each employee to compensation from the fund shall be in lieu of and shall take the place of any and all rights of action against any employer contributing as required by law to the fund in favor of any person or persons by reason of the injuries or death.

Wyo. Const. art. 10, § 4. Following the adoption of this amendment, the legislature passed a bill identified as Chapter 124 of the Session Laws of 1915, which was modified by Chapter 69 of the Session Laws of 1917.

This legislation, together with subsequent amendments, became codified as Wyo. Stat. Ann. §§ 27–14–101 through 27–14–805.

In the year following the modification of the worker's compensation laws in 1917, this Court recognized the concept of implied repeal of constitutional provisions. *Zancanelli v. Central Coal & Coke Co.*, 25 Wyo. 511, 173 P. 981, 991 (1918). In *Parker*, we addressed the identical constitutional provisions presented by the Andersons in their argument. We considered whether the worker's compensation statutes provided the only remedy even in an instance in which an employer's intentional or culpably negligent conduct resulted in injury to or death of a miner. *Parker*, 691 P.2d at 982. The question was answered in the affirmative over the identical arguments that the Andersons present. A single sentence capsulizes the essence of the law in this area:

> [W]e hold, then, that where the employee's injury occurs in a work-related situation, as it did here, and is in all other respects compensable, as it is here, the employer of the injured or deceased employee who is contributing to the compensation fund in behalf of the worker's account is absolutely immune from all common-law tort remedies arising out of the injury to or death of the employee-including causes of action for intentional tort or culpable negligence.

*Parker*, 691 P.2d at 985, relying upon *Baker v. Wendy's of Montana, Inc.*, 687 P.2d 885 (Wyo.1984). Michael Anderson's death was compensable under the Wyoming Worker's Compensation Act, and the district court properly granted judgment to Solvay Minerals on the claims for negligence, strict liability, and violations of the miner's safety statutes.

We turn to the contention of the Andersons that the immunity provided by the Wyoming Worker's Compensation Act does not extend to their claim, as individuals, for intentional infliction of emotional distress. The district court recognized this as a novel issue in Wyoming, and identified a split of authority among other jurisdictions. The district court found persuasive *Bell v. Macy's California*, 212 Cal.App.3d 1442, 261 Cal.Rptr. 447 (1989). Subsequent to the decision of the district court in this case, the Supreme Court of California distinguished the *Bell* case in *Snyder v. Michael's Stores, Inc.*, 16 Cal.4th 991, 68 Cal.Rptr.2d 476, 945 P.2d 781 (1997). It rejected the derivative injury analysis to an injury to a fetus, but it reaffirmed the proposition that actions for intentional infliction of emotional distress by relatives of injured employees are "logically dependent on the prior physical injury," and are thus "barred as deriving from injuries sustained by an employee in the course of his employment." *Id.* 68 Cal.Rptr.2d 476, 945 P.2d at 785. In addition, the district court in the instant case ruled, as a matter of law, that the conduct of the Solvay Minerals rescue workers did not suffice to support a claim for intentional infliction of emotional distress. Relying upon the tort of intentional infliction of emotional distress as described in the Restatement of Torts (Second) § 46, as it has been adopted by this Court in *Leithead v. American Colloid Co.*, 721 P.2d 1059, 1065 (Wyo.1986), the district court invoked its role as a gatekeeper in ruling upon the insufficiency of the record to support a claim of intentional infliction of emotional distress as a matter of law.

We affirm the ruling of the district court on the claim of intentional infliction of emotional distress for three, rather than two, reasons. The rationale of the California courts is persuasive with respect to the derivative nature of the tort of intentional infliction of emotional distress under these circumstances. Consequently, we affirm the choice of law manifested by the district court in its resolution of this issue.

In addition, we perceive that the situation is stronger in Wyoming than perhaps it is in California. In our constitutional amendment, the voters provided that the compensation of each employee should take the place of "any and all rights of actions against any employer." Wyo. Const. art. 10, § 4. The legislature has furnished awards for injury and for death. With respect to a death as the result of a work-related injury, the statute provides for burial expenses together with an additional amount to cover other related expenses; benefits for a surviving spouse or for surviving dependent children; and for bene-

fits for a surviving dependent parent. Wyo. Stat. Ann. § 27–14–403(e). Giving the constitutional language its literal meaning, this Court is satisfied that, in providing the articulated benefits for death, the legislature subsumed the entire prospect of recovery for the death of an employee engaged in covered employment. Some relatives are excluded from the class of those who are entitled to an award, but with respect to those relatives who do receive benefits, those awards take the place of any and all rights of action against any employer. Those relatives whom the legislature has written out of the statute cannot be in a superior position with respect to litigation than those relatives entitled to a death benefit under the statute.

From the decision in *Zancanelli* forward, this Court has noted the significance of the "great compromise between employers and employed." *Fuhs v. Swenson*, 58 Wyo. 293, 131 P.2d 333, 337 (1942). The employees are guaranteed compensation for work-related injuries, without any requirement for establishing fault, but in exchange the workers give up tort remedies. The employers receive immunity in return for their contributions to the compensation fund. The legislature statutorily codified the constitutional intent in Wyo. Stat. Ann. § 27–14–104(a), which provides, in relevant part:

> The rights and remedies provided in this act for an employee * * * and his dependents for injuries incurred in extrahazardous employments are in lieu of all other rights and remedies against any employer * * *.

The Andersons contend that this section is not applicable to their claim because the emotional distress was not incurred in employment, resulting instead from Solvay Minerals' conduct directed toward the Andersons. They rely upon *Barnes v. Double Seal Glass Co., Inc., Plant 1*, 129 Mich. App. 66, 341 N.W.2d 812 (1983). The employer in that instance did not render aid to a mortally injured worker, and then intentionally failed to inform the family of the worker about his accidental death and attempted to cover up the incident. The court in Michigan held that these actions and omissions provided the worker's family with an independent cause of action for the intentional infliction of emotional distress. They reasoned that relief can be sought outside worker's compensation only when it is not available within worker's compensation. *Barnes*, 341 N.W.2d at 815. We have no reason to quarrel with that basic principle. *Baker*, 687 P.2d at 889. We do conclude, however, that *Barnes* is not applicable in Wyoming.

We have said with respect to whether an injury is compensable under worker's compensation, that is, whether relief is available under the statute:

> [T]he injury is compensable if it arises out of and in the course of employment. This requirement emphasizes the need for a causal connection between the injury and the employment. Such a causal connection is supplied when there is a nexus between the injury and some condition, activity, environment or requirement of the employment. *Parrott v. Industrial Commission of Ohio*, 145 Ohio St. 66, 60 N.E.2d 660 [ (1945) ]. See, *Standard Oil Co. v. Smith*, 56 Wyo. 537, 111 P.2d 132 [ (1941) ]; *In re Jensen*, [63 Wyo. 88, 178 P.2d 897 (1947) ]; *Wyoming State Treasurer ex rel. Workmen's Compensation Department v. Boston*, Wyo., 445 P.2d 548 [ (1968) ]. Cf., *White Ditching Company v. Giddeon*, Wyo., 413 P.2d 45 [ (1966) ]. It is this requirement, and only this requirement, which is envisioned by the language contained in § 27–311(n) [now Wyo. Stat. Ann. § 27–14–102(a)(xi) (Lexis 1999) ].

*Matter of Willey*, 571 P.2d 248, 250 (Wyo. 1977). This inclusive reasoning was adopted to ensure that the worker's compensation benefits cover all injuries having any rational nexus to the employment. *State ex rel. Wyoming Workers' Compensation Div. v. Espinoza*, 924 P.2d 979, 981 (Wyo.1996). Relief is available to survivors for the death of a worker under Wyoming's worker's compensation law, and the remedy is exclusive.

Finally, we note our summarization with respect to our adoption of the tort of intentional infliction of emotional distress articulated in *Kanzler v. Renner*, 937 P.2d 1337, 1341 (Wyo.1997):

In Wyoming, we have adopted the *Restatement* formulation of the tort of intentional infliction of emotional distress:

§ 46. Outrageous Conduct Causing Severe Emotional Distress

(1) One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

*Leithead v. American Colloid Co.*, 721 P.2d 1059, 1065 (Wyo.1986) (*quoting* RESTATEMENT, SECOND, TORTS § 46(1) (1965)). To recover for intentional infliction of emotional distress, a plaintiff must prove that the defendant's conduct was extreme and outrageous and that the defendant intentionally or recklessly caused the plaintiff to suffer severe emotional harm. *R.D. v. W.H.*, 875 P.2d 26, 31 (Wyo. 1994) (*citing Leithead*, 721 P.2d at 1065–66). When presented with a motion for summary judgment, the court, as a matter of law, makes preliminary determinations regarding the outrageousness of the conduct and the severity of the emotional distress. The court's role is explained in the comments to the *Restatement:*

h. *Court and jury.* It is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery, or whether it is necessarily so. Where reasonable men may differ, it is for the jury, subject to the control of the court, to determine whether, in the particular case, the conduct has been sufficiently extreme and outrageous to result in liability.

* * *

j. *Severe emotional distress.* * * * It is for the court to determine whether on the evidence severe emotional distress can be found; it is for the jury to determine whether, on the evidence, it has in fact existed.

RESTATEMENT, *supra*, § 46 cmts. h, j.

Outrageous conduct is defined as conduct which goes "beyond all possible bounds of decency," and which is "regarded as atrocious, and utterly intolerable in a civilized community." RESTATEMENT, *supra*, § 46 cmt. d.

In *Hatch v. State Farm Fire and Cas. Co.*, 930 P.2d 382, 395 (Wyo.1997), we spoke to the role of the district court with respect to safeguards addressed to the tort of intentional infliction of emotional distress:

In *Leithead v. American Colloid Co.*, 721 P.2d 1059, 1065–67 (Wyo.1986), we joined a majority of jurisdictions when we adopted RESTATEMENT (SECOND) OF TORTS § 46 (1965) as defining the tort of intentional infliction of emotional distress in Wyoming. The comments to Section 46 advise that whether the conduct is so extreme and outrageous as to justify recovery is committed to the court in the first instance. Further, whether severe emotional distress can be found from the evidence is committed to the court.

These are the principles that we invoke in this case, and we first address the Hatches' argument that *Hatch I* required the submission to the jury of the claim of intentional infliction of emotional distress. The Hatches have disregarded three safeguards which prevent issues being submitted to a jury when the evidence is insufficient. The first of those is found in Comment *"h"* RESTATEMENT (SECOND) OF TORTS § 46 (1965) where it is said, "[i]t is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery, or whether it is necessarily so." The next safeguard is set forth in Comment *"j"* which provides for "the court to determine whether on the evidence severe emotional distress can be found * * *."

█ We agree with the district court that the information in this record is conclusional, and no facts are articulated that would justify a determination that Solvay Minerals' conduct was so extreme and outrageous as to permit recovery. We agree with the district court when it stated in deciding this case:

The Restatement follows this recitation [Restatement of Torts (Second) § 46(d)] with 22 illustrations, based on cases of

conduct which it deems outrageous enough to constitute the tort of intentional infliction of emotional distress. None of these illustrations bears any semblance to that presented by the Andersons. Furthermore, Plaintiffs present no case or authority which indicates that a party may be liable under the tort of intentional infliction of emotional distress for making the type of false statement which Solvay's rescue crews made in the instant case. Therefor [sic], the Court finds that the complained of conduct was not sufficient to constitute intentional infliction of emotional distress on the Andersons.

The district court properly dismissed the Andersons' claims in this instance. In accordance with *Parker*, the claims for negligence, strict liability, and willful statutory violations were appropriately dismissed. We do not choose to permit the invasion of an employer's tort immunity and thus thwart the historical compromise in the worker's compensation system in Wyoming. The claim for intentional infliction of emotional distress is subsumed by the worker's compensation statutes in Wyoming because it is derivative of the death, and the relief provided in the worker's compensation remedies is exclusive. Furthermore, the facts do not justify submission of the claim of intentional infliction of emotional distress to the jury. A contrary ruling would frustrate the popular and legislative intent behind the constitutional amendment and the statutes adopted to effectuate that provision.

The Judgment in Favor of Defendant Solvay Minerals is affirmed.