# IN THE SUPREME COURT, STATE OF WYOMING

## 2016 WY 18

OCTOBER TERM, A.D. 2015

February 10, 2016

CHARLEY COLLINS,

Appellant
(Plaintiff),

v.

S-15-0098

COP WYOMING, LLC a Wyoming
Limited Liability Company and ROGER
ROSS,

Appellees
(Defendants).

*Appeal from the District Court of Sheridan County*
*The Honorable William J. Edelman, Judge*

*Representing Appellant:*
Bret F. King of King & King, LLC, Jackson, Wyoming.

*Representing Appellees:*
Raymond W. Martin and Jane M. France of Sundahl, Powers, Kapp & Martin, LLC, Cheyenne, Wyoming. Argument by Ms. France.

*Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FOX, Justice.**

[¶1]     Appellant Charley Collins appeals the order dismissing his claim for negligent infliction of emotional distress against his employer, COP Wyoming, LLC, and his co-employee, Roger Ross.  Charley alleged he suffered emotional injuries after he witnessed the death of his son, Brett Collins,[1] who was also an employee of COP Wyoming, and whose death was covered by Wyoming worker's compensation.  The district court found that the claims of the father were derivative of the covered death of the son and were therefore barred by worker's compensation immunity.  Charley appeals and we reverse.

## ISSUE

[¶2]     Is the father's tort claim for negligent infliction of emotional distress barred by the Wyoming Worker's Compensation Act?

## FACTS

[¶3]     Charley and his son, Brett, were both employed by Appellee COP Wyoming, LLC.   Appellee Roger Ross was also employed by COP Wyoming, as the job superintendent and supervisor in charge of safety at the same job site.  On August 20, 2012, Mr. Ross was operating a large track hoe excavator to excavate inside a trench box at the job site.  Mr. Ross instructed Brett to enter the trench box and work there while Mr. Ross was operating the track hoe.  Mr. Ross struck Brett in the head with the bucket of the track hoe, severely injuring him.  Charley was notified, and he immediately came to the aid of his son and attempted to administer first aid.  In spite of those efforts, Brett died.  Brett's estate received worker's compensation benefits as a result of his death.[2] Charley sued COP Wyoming and Mr. Ross, alleging they negligently inflicted emotional distress upon him.

[¶4]     COP Wyoming and Mr. Ross filed a motion to dismiss, asserting that the suit against them was barred by the exclusive remedy provision of the Wyoming Worker's Compensation Act, Wyo. Stat. Ann. § 27-14-104(a).  After a hearing, the district court granted the motion to dismiss, holding that *Anderson v. Solvay Minerals, Inc.*, 3 P.3d 236 (Wyo. 2000) was controlling, and that the father's claim was barred because his injury was derivative of the son's covered death.

[¶5]     Charley timely filed this appeal.

---

[1] We will refer to Charley Collins and Brett Collins by their first names for ease of reference.
[2] The district court apparently considered matters outside the pleadings in reaching its conclusion and should have treated the motion as one for summary judgment, W.R.C.P. 12(c); however, Charley waived that issue at oral argument.

1

## DISCUSSION

[¶6]     When reviewing W.R.C.P. 12(b)(6) motions to dismiss, we accept the facts stated in the complaint as true and view them in the light most favorable to the plaintiff. We will sustain such a dismissal when it is certain from the face of the complaint that the plaintiff cannot assert any fact which would entitle him to relief.

*Accelerated Receivable Sols. v. Hauf*, 2015 WY 71, ¶ 10, 350 P.3d 731, 734 (Wyo. 2015) (citations omitted).

[¶7]    Article 10, section 4(c) of the Wyoming Constitution directs the legislature to establish a fund from which to pay compensation "to each person injured in such employment or to the dependent families of such as die as the result of [workplace] injuries[.]"

> The right of each employee to compensation from the fund shall be in lieu of and shall take the place of any and all rights of action against any employer contributing as required by law to the fund in favor of any person or persons by reason of the injuries or death.

Wyo. Const. art. 10, § 4(c).

[¶8]    The legislature accordingly enacted the Wyoming Worker's Compensation Act, Wyo. Stat. Ann. §§ 27-14-101 to 27-14-806, "which was the legislative embodiment of a compromise between employers and employees who recognized the need for a new system to compensate employees for employment-related injuries without the employee having to rely upon tort concepts." *Baker v. Wendy's of Montana, Inc.*, 687 P.2d 885, 887 (Wyo. 1984). "[T]he act creates liability without fault on the part of the contributing employer and likewise provides the employer with absolute immunity from tort actions including the employer's violation of his duty of care whether the negligence is ordinary or culpable." *Id.* at 888. The legislature codified this "great compromise between employers and employed," *Anderson*, 3 P.3d at 240 (citation omitted):

> (a) The rights and remedies provided in this act for an employee . . . and his dependents for injuries incurred in extrahazardous employments are in lieu of all other rights and remedies against any employer . . . making contributions required by this act[.]

Wyo. Stat. Ann. § 27-14-104(a) (LexisNexis 2015).

2

[¶9]  In *Baker*, this Court held that "mental disorders are compensable under the various worker's compensation acts of the country."  687 P.2d at 890; *see also Johnson v. State ex rel. Wyo. Worker's Comp. Div.*, 798 P.2d 323, 325-26 (Wyo. 1990) (holding that mental injuries are compensable).  In 1994, the legislature amended the definition of injury to exclude "[a]ny mental injury unless it is caused by a compensable physical injury[.]"  1994 Wyo. Sess. Laws ch. 86, at 287; Wyo. Stat. Ann. § 27-14-102(a)(xi)(J) (LexisNexis 2015).  We upheld the constitutionality of that amendment in *Frantz v. Campbell Cty. Mem'l Hosp.*, 932 P.2d 750, 754 (Wyo. 1997), *overruled in part on other grounds by Torres v. State ex rel. Wyo. Workers' Safety & Comp. Div.*, 2004 WY 92, 95 P.3d 794 (Wyo. 2004), and since that time, we have adhered to the rule that mental injuries not caused by a compensable physical injury are not compensable by worker's compensation.  *Cook v. Shoshone First Bank*, 2006 WY 13, ¶ 15, 126 P.3d 886, 890 (Wyo. 2006) ("[C]laims are not covered where the mental injury and resulting suicide were not caused by a compensable physical injury."); *Wheeler v. State ex rel. Wyo. Workers' Safety & Comp. Div.*, 2010 WY 161, ¶ 20, 245 P.3d 811, 817 (Wyo. 2010) (mental injuries not caused by compensable physical injuries not compensable).[3]

[¶10]  In *Cook*, the administrator of the estate and the husband of the deceased employee filed a tort action against the employer, alleging negligent or intentional infliction of emotional distress.  2006 WY 13, ¶ 2, 126 P.3d at 887.  This Court affirmed the district court's grant of summary judgment in favor of the employer on the infliction of emotional distress claim.  *Id.* at ¶ 44, 126 P.3d at 896-97.  But before reaching that question, we addressed the question of whether the employer was entitled to worker's compensation immunity, and we held that the claim arising from the employee's mental injury was not barred by worker's compensation because it was not covered "where the mental injury and resulting suicide were not caused by a compensable physical injury."  *Id*. at ¶ 15, 126 P.3d at 890.  *See also Sisco v. Fabrication Tech., Inc.*, 350 F.Supp.2d 932, 943 (D. Wyo. 2004) ("[M]ental injury is not derivative of any physical injury, and not barred by worker's compensation."); 9 Arthur Larson & Lex K. Larson, *Larson's Workers' Compensation Law* § 100.4 (2014) ("[T]he employer should be spared damage liability only when compensation liability has actually been provided in its place[.]");[4] 101 C.J.S. *Workers' Compensation* § 1746, at 396 (2013) ("A civil action against an employer for a nonphysical injury is permitted because such injury is not encompassed within the scope of the workers' compensation act[.]").

---

[3] The parties have not raised the issue of whether mental injuries arising from a compensable physical injury to another are covered, and we will not consider it.  *See e.g.*, *Wheeler*, 2010 WY 161, ¶ 22, 245 P.3d at 817-18.

[4] However, "if [an] injury itself comes within the coverage formula, an action for damages is barred even although [a] particular element of damage is not compensated for."  *Building & Constr. Dep't v. Rockwell Int'l Corp.*, 7 F.3d 1487, 1494 (10th Cir. 1993) (quoting 2A Arthur Larson, *The Law of Workmen's Compensation* § 65.00, at 12-1 (1993)).

[¶11] Charley's claim for emotional distress is a claim for a mental injury that is not caused by a compensable physical injury to him; therefore it is not compensable under Wyoming worker's compensation, and neither COP Wyoming nor Mr. Ross is entitled to worker's compensation immunity on that basis.

[¶12] We turn then to the question of whether Charley's claim is nevertheless barred by worker's compensation because it is derivative of a covered claim, Brett's death. The district court concluded that "the current claim for negligent infliction of emotional distress is subsumed by the WWCA [Wyoming Worker's Compensation Act] as it is derivative of the death of [Charley's] son, and the relief provided by the WWCA is the exclusive remedy." The district court relied on *Anderson* to support its conclusions. There, the parents of a miner killed in the collapse of a trona mine sued the mine for wrongful death and for intentional infliction of emotional distress. *Anderson*, 3 P.3d at 237. The parents were notified of the mine's collapse, and they went there to wait for news about their son. Initially they were told that he was talking and joking with his rescuers, but soon after they were advised that his heart had stopped, and he was pronounced dead. *Id.* This Court, after reviewing the "great compromise" that resulted in the Wyoming Worker's Compensation Act, concluded that "[r]elief is available to survivors for the death of a worker under Wyoming worker's compensation law, and the remedy is exclusive." *Id.* at 240. The *Anderson* court quoted an earlier case, where we said:

> [W]e hold, then, that where the employee's injury occurs in a work-related situation, as it did here, and is in all other respects compensable, as it is here, the employer of the injured or deceased employee who is contributing to the compensation fund in behalf of the worker's account is absolutely immune from all common-law tort remedies arising out of the injury to or death of the employee—including causes of action for intentional tort or culpable negligence.

*Id.* at 239 (quoting *Parker v. Energy Dev. Co.*, 691 P.2d 981, 985 (Wyo. 1984)). We concluded that "in providing the articulated benefits for death, the legislature subsumed the entire prospect of recovery for the death of an employee engaged in covered employment." *Id.* at 240.

[¶13] Charley argues that his case is distinguishable from *Anderson* for two reasons: First, unlike the parents in *Anderson*, Charley was at the scene of the accident and he falls into the class of familial plaintiffs who can recover for negligent infliction of emotional distress under *Gates v. Richardson*, 719 P.2d 193 (Wyo. 1986). Second, Charley, as an employee of COP Wyoming, suffered his own independent injury during the scope and

4

course of his employment, and is in a different position than the parents in *Anderson,* who were not employees.

[¶14] Although there are distinctions between this case and *Anderson*, they do not provide a way around *Anderson's* clear holding that a claim is derivative of a covered worker's compensation claim "when there is a nexus between the injury and some condition, activity, environment or requirement of the employment." *Anderson*, 3 P.3d at 240 (citation omitted). The difference between the Andersons' claim for intentional infliction of emotional distress and Charley's claim for negligent infliction of emotional distress is not significant to this analysis. In *Anderson*, 3 P.3d at 238, the parents argued that Wyo. Const. art. 9, § 4[5] preserved their right to bring an action for wrongful death in spite of the worker's compensation bar at Wyo. Const. art. 10, § 4, an argument which this Court rejected. But they also argued their claim was not barred by worker's compensation immunity "because the emotional distress was not incurred in employment, resulting instead from Solvay Minerals' conduct directed toward the Andersons." *Id.* at 240. This is exactly the argument presented to us by Charley (the fact Charley is an employee and the parents in *Anderson* were not, does not alter the "nexus" analysis).

[¶15] We therefore consider whether *Anderson's* holding that the parents' intentional infliction of emotional distress claim was derivative of the son's covered worker's compensation claim, and consequently barred, was correctly decided. In doing so, we recognize a strong interest in adhering to past precedent under the doctrine of *stare decisis*. *W. Wyo. Constr. Co. v. Bd. of Cty. Comm'rs of Sublette Cty.*, 2013 WY 63, ¶ 14, 301 P.3d 512, 515 (Wyo. 2013) (citing *Arnott v. Arnott*, 2012 WY 167, ¶ 29, 293 P.3d 440, 443 (Wyo. 2012)). However, "when precedential decisions are poorly reasoned, we should not feel compelled to follow them." *Id.* (citing *Brown v. City of Casper*, 2011 WY 35, ¶ 43, 248 P.3d 1136, 1146 (Wyo. 2011)). For the reasons discussed below, we find that emotional distress claims are direct claims between the alleged tortfeasor and the injured party, are not derivative of the associated covered injury or death, and are not

---

[5] Wyo. Const. art. 9, § 4 provides:

> For any injury to person or property caused by wilful failure to comply with the provisions of this article, or laws passed in pursuance hereof, a right of action shall accrue to the party injured, for the damage sustained thereby, and in all cases in this state, whenever the death of a person shall be caused by wrongful act, neglect or default, such as would, if death had not ensued, have entitled the party injured to maintain an action to recover damages in respect thereof, the person who, or the corporation which would have been liable, if death had not ensued, shall be liable to an action for damages notwithstanding the death of the person injured, and the legislature shall provide by law at its first session for the manner in which the right of action in respect thereto shall be enforced.

5

necessarily barred by worker's compensation immunity; and we overrule *Anderson* to the extent it holds to the contrary.

[¶16]  Charley has alleged COP Wyoming and Mr. Ross had an independent duty to him, which they breached.  When we recognized the tort of negligent infliction of emotional distress, we extended the duty of care to a limited class of persons who were neither physically impacted nor in the zone of danger.  *Gates v. Richardson*, 719 P.2d 193, 195, 199 (Wyo. 1986).  We established that the alleged tortfeasor can have an independent duty to spouses, children, parents, and siblings who witness the severe injury or death of their relative, in certain circumstances.  *Id.* at 199.  Charley does not attempt to bring an action for the death of his son; rather, he alleges that COP Wyoming and Mr. Ross breached a duty of care to him, separate from the duty they had to Brett.  We recognized a similar exception to the worker's compensation bar in *Pan American Petroleum Corp. v. Maddux Well Service*, 586 P.2d 1220 (1978), when we held that a third-party claim for indemnity against the employer of a covered employee was not based on the employee's injury.  Rather, "[i]t is based on 'by reason of' 'on account of' the alleged breach of an independent duty owed by the employer to the third party."  *Id.* at 1224.

[¶17]  We also recognized the distinction between a wrongful death claim and a claim for infliction of emotional distress in *R.D. v. W.H.*, 875 P.2d 26, 32 (Wyo. 1994), where we held that "Appellant's emotional distress claims were pleaded separately from the wrongful death claims, and they were drafted in their generally accepted elements.  The claims were clearly not parasitic to the wrongful death claims even though they arose out of the same circumstances."  (Citations omitted.)  In contrast, we have held that "a claim for loss of consortium is derivative of the injured party's claim."  *Worman v. Carver*, 2002 WY 59, ¶ 31, 44 P.3d 82, 89 (Wyo. 2002).  Accordingly, claims for loss of consortium arising out of the death of an employee covered by worker's compensation are generally barred.  9 Larson, *supra* ¶ 10, § 101.02; *Hesse v. Ashland Oil, Inc.*, 642 N.W.2d 330, 337 (Mich. 2002) (Kelly, J., dissenting) (unlike loss of consortium claim, negligent infliction of emotional distress claim is a separate, independent cause of action "not dependent upon actual injury to, or recovery by, another person.") (quoting *Auto Club Ins. Ass'n v. Hardiman*, 579 N.W.2d 115, 117 (Mich. Ct. App. 1998)).

[¶18]  We recognize that the majority of jurisdictions have held that an independent claim for negligent infliction of emotional distress is barred by worker's compensation if it arises from a covered injury.  For example, in *Maney v. Louisiana Pac. Corp.*, 15 P.3d 962 (Mont. 2000), the Montana Supreme Court held:

> Here, while Maney's claims for negligent and intentional infliction of emotional distress are independent tort causes of action, they are logically related to the underlying injury to, and death of, [employee].  In other words, had [employee's] injury and death not occurred,

6

Maney's emotional distress claims would not have arisen. Thus, her claims arose as a result of—and directly concern—[employee's] compensable injury and death. Moreover, her complaint does not allege any acts by [the employer] resulting in her emotional distress separate from—or in addition to—the negligence which allegedly caused [employee's] accident. There is a clear nexus between the injury to, and death of, [employee] and Maney's emotional distress claim.

*Id.* at 968.[6]

[¶19] We reject this "but for" analysis as too broad, and agree with the courts that have found that a claim for emotional distress is not necessarily a derivative claim arising from the injury of another. *See, e.g.*, *Bosch v. St. Louis Healthcare Network*, 41 S.W.3d 462, 465 (Mo. 2001). We would apply the rationale of courts that have allowed claims to proceed on behalf of unborn children injured when their mothers were covered by worker's compensation. *See, e.g.*, *Pizza Hut of Am., Inc. v. Keefe*, 900 P.2d 97 (Colo. 1995), where the Colorado Supreme Court held there was no worker's compensation bar for the claim of the unborn child because

regardless of whether the mother was injured, the injury to the child was separate and distinct and subjects the employer to separate liability. In this case, the child's right of action arises out of and on account of her own personal injuries, and not any personal injury suffered by the mother. The mother and child happened to be injured at the same time—the fact that the mother may have been injured, however, is not a bar to tort recovery for the child or a basis for limiting the child's recovery to the workers' compensation law.

*Id.* at 101; *see also Ransburg Indus. v. Brown*, 659 N.E.2d 1081, 1085 (Ind. Ct. App. 1995) ("While the derivative injury doctrine bars recovery by a third party who claims damages on account of an injury to the employee, if the same third party suffers his own injury, then he has his own claim against the employer."); *Meyer ex rel. Meyer v. Burger King Corp.*, 2 P.3d 1015, 1020 (Wash. Ct. App. 2000) (discussing cases that reasoned "that the injuries to the children did not derive from the injuries to the mothers and therefore, the children's claims were outside the purview of the worker's compensation laws").

---

[6] *See also Pittman v. Western Eng'g Co., Inc.*, 813 N.W.2d 487, 498 (Neb. 2012); *Snyder v. Michael's Stores, Inc.*, 945 P.2d 781, 785 (Cal. 1997); *Cole v. Fair Oaks Fire Protection Dist.*, 729 P.2d 743, 751-52 (Cal. 1987); *Provost v. Puget Sound Power & Light Co.*, 696 P.2d 1238, 1241 (Wash. 1985).

[¶20] Here, Charley alleges that he has suffered an injury separate and distinct from his son's death. It is an injury which is outside of the "grand bargain" because worker's compensation provides no remedy for it, and he should be permitted to go forward to try to establish his claim against COP Wyoming and Mr. Ross.

## *CONCLUSION*

[¶21] Charley Collins' claim for emotional injury is based upon a duty to him that is independent of the covered death of his son, Brett Collins, and it is not barred by worker's compensation immunity. The decision of the district court to dismiss this case is reversed.