*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JOSHUA TOBES,

        Plaintiff-Appellant,

v

OLIVE,

        Defendant-Appellee.

UNPUBLISHED
April 16, 2026
11:13 AM

No. 372461
Oakland Circuit Court
LC No. 2024-205462-CZ

Before: CAMERON, P.J., and BORRELLO and SWARTZLE, JJ.

PER CURIAM.

Plaintiff sued defendant for emotional damages after defendant denied plaintiff's claim for reimbursement under an automobile repair contract. Defendant moved for summary disposition, primarily because plaintiff could not seek emotional damages related to the commercial contract. The trial court granted summary disposition for defendant, and plaintiff now appeals. We affirm.

## I. BACKGROUND

Plaintiff was experiencing problems with his vehicle and took it to a dealership for repair. According to the invoice, the dealership did not perform transmission fluid services on the vehicle because it found that the continuously variable transmission assembly was slipping and that a fluid change would result in more problems. No work was performed on plaintiff's vehicle, and it was towed from the dealership.

Over a month later, plaintiff purchased a vehicle service contract (VSC) from defendant for the vehicle. Almost two weeks after purchasing the VSC, plaintiff returned to the dealership, complaining that the vehicle would not move in reverse. The dealership diagnosed that the transmission and transfer case needed to be replaced. When plaintiff attempted to make a claim for the repairs under the VSC, defendant denied the claims because the VSC excluded from coverage preexisting conditions prior to the effective date of the contract. Plaintiff filed an action against defendant in small-claims court for breach of contract for defendant's refusal to pay for the repairs for his vehicle. The action was dismissed in the small-claims court, plaintiff appealed the dismissal to the district court, and the district court ruled that plaintiff did not have a cause of action against defendant.

After his small-claims case was dismissed, plaintiff filed the complaint in this case pro per, requesting damages for emotional distress and pain and suffering resulting from defendant's refusal to pay for a repair to plaintiff's vehicle under the VSC. Plaintiff alleged that his father was harmed because the latter paid for the $6,000 repair, thereby increasing the likelihood that his father would become destitute. Defendant moved for summary disposition under MCR 2.116(C)(10). Defendant argued that plaintiff could not prove intentional or negligent infliction of emotional distress because there was a lack of extreme and outrageous conduct and a lack of any serious injury. In its reply to plaintiff, defendant also argued that collateral estoppel barred plaintiff's claims in this case because he already had the opportunity to litigate them against defendant in the prior action.

The trial court scheduled a hearing on defendant's motion for summary disposition and specifically directed the parties to appear in person rather than by videoconference. The trial court expressed concern over plaintiff's behavior during interactions with the trial court's staff and warned the parties that failure to appear in person could result in sanctions.

On the day scheduled for the hearing, plaintiff attempted to participate remotely. Because he was not in person, the trial court deemed this a waiver of plaintiff's right to participate in the hearing. The trial court subsequently issued a written opinion granting defendant's motion for summary disposition.

Plaintiff now appeals.

## II. ANALYSIS

On appeal, plaintiff argues that the trial court erred in granting summary disposition for defendant. We review de novo the trial court's decision on a motion for summary disposition. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). A trial court may grant a motion for summary disposition under MCR 2.116(C)(10) if, after considering the evidence in the light most favorable to the party opposing the motion, there is no genuine issue of material fact. *Ventures v Liquid Mfg*, 499 Mich 491, 507; 885 NW2d 861 (2016). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

Plaintiff asserted claims for intentional infliction of emotional distress and negligent infliction of emotional distress. To claim intentional infliction of emotion distress, plaintiff must prove "(1) extreme and outrageous conduct, (2) intent or recklessness, (3) causation, and (4) severe emotional distress." *Swain v Morse*, 332 Mich App 510, 534; 957 NW2d 396 (2020). To be extreme and outrageous, defendant's conduct must have been beyond all bounds of decency, such that it would be considered to be atrocious and intolerable. *Lewis v LeGrow*, 258 Mich App 175, 196; 670 NW2d 675 (2003). The trial court can initially determine if the conduct is extreme and outrageous as long as reasonable minds could not differ. *Swain*, 332 Mich App at 534.

Here, plaintiff's claim for intentional infliction of emotional distress does not allege any conduct by defendant that would rise to a level of outrageous and extreme to support a claim. The only conduct committed by defendant and alleged by plaintiff is defendant's denial of plaintiff's

claim for benefits under the VSC. Regardless of whether plaintiff had a good-faith argument about whether there was a preexisting condition precluding payment, defendant's refusal to pay under the VSC amounts to, at most, an ordinary contract dispute. If defendant's actions were held to be extreme and outrageous, then it is hard to imagine what contract dispute would not likewise qualify, and that is plainly not the law. The trial court properly granted summary disposition to defendant on plaintiff's claim of intentional infliction of emotion distress.

Moving to plaintiff's other claim, the trial court also properly granted summary disposition to defendant on the claim of negligent infliction of emotion distress. For negligent infliction of emotional distress, plaintiff must have "witnesse[d] negligent injury to a third person and suffer[ed] mental disturbance as a result." *Duran v Detroit News, Inc*, 200 Mich App 622, 629; 504 NW2d 715 (1993). Here, the negligent injury alleged by plaintiff is the payment his father made for the repairs and the financial difficulty that resulted. This is clearly not the type of significant and material injury contemplated for this cause of action. See *Hesse v Ashland Oil, Inc*, 466 Mich 21, 33-34; 642 NW2d 330 (2002) (KELLY, J., dissenting) ("A claim for negligent infliction of emotional distress is generally recognized when a parent witnesses the violent death of a child.").

Finally, in his briefs on appeal, plaintiff vaguely alludes to other claims for relief, including a claim of defamation. In civil suits like this one, Michigan courts follow the "raise-or-waive" rule. Specifically, to preserve a claim for appellate review, a party is required to "raise and frame their arguments at a time when their opponents may respond to them factually," and plaintiff failed to raise and argue such issues properly before the trial court. *Walters v Nadell*, 481 Mich 377, 388; 751 NW2d 431 (2008). Further, "a mere statement without authority is insufficient"; plaintiff cannot simply announce his position and expect the Court to rationalize his claims, elaborate on his arguments, and search for authority to sustain his position. *Wilson v Taylor*, 457 Mich 232, 243; 577 NW2d 100 (1998).

Affirmed.

/s/ Thomas C. Cameron
/s/ Stephen L. Borrello
/s/ Brock A. Swartzle